In re T.C. and G.C., children

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-074-CV

IN THE INTEREST OF T.C. AND G.C., CHILDREN

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

I.  Introduction and Procedural Background

This appeal arises from the trial court’s determination that Appellants’
(footnote: 1) appeals from the termination of their rights to T.C. and G.C. would be frivolous.  After a four-day jury trial, the jury found by clear and convincing evidence that Appellants’ rights to T.C. and G.C. should be terminated, and the trial court signed a final order reflecting the jury’s findings.  The trial court subsequently held the hearing required by family code section 263.405(d) and denied father’s motion for new trial, found that mother and father are indigent, and determined that because neither mother nor father had presented a substantial question for appellate review, both of their appeals are frivolous.  
See
 
generally 
Tex. Fam. Code Ann
. § 263.405(b), (d) (Vernon Supp. 2005) (providing procedures for determining indigency and right to obtain free record for appeal of judgment terminating parental rights).  Mother and father now appeal, challenging the constitutionality of family code section 263.405 and civil practice and remedies code section 13.003, as well as the trial court’s findings that their appeals are frivolous.  
See id.
 § 263.405(g).

II.  Constitutional Issues

Mother argues in her first two points and father argues in his first four points that family code section 263.405 violates the Equal Protection Clause and the Due Process Clause of the United States and Texas Constitutions.  Father also argues in his seventh point that Texas Civil Practice and Remedies Code section 13.003 violates his right to due process of law.

The gist of Appellants’ arguments is that section 263.405 of the Texas Family Code is unconstitutional because it treats an indigent party’s appeal differently from a non-indigent party’s appeal and because it makes a distinction between parents in a private termination case and parents in a termination case brought by the Texas Department of Family and Protective Services (TDFPS). Specifically, Appellants argue that the statute allows a trial judge to deny an indigent appellant a record of the trial, while a non-indigent appellant could purchase a record and provide it to the appellate court and that the statute subjects a parent whose parental rights have been terminated in a suit brought by the government to a hearing held by the trial court to determine whether his or her appeal is frivolous, while a parent whose parental rights have been terminated in a suit brought by an individual is able to freely appeal the termination order.  For the reasons discussed below, we conclude that family code section 263.405 applies equally to indigent and to non-indigent parents and applies equally in termination suits initiated by TDFPS and by private individuals.

In addressing Appellants’ constitutional challenges to family code section 263.405, we begin with the premise that, if possible, we must interpret a section 263.405 in a manner that renders it constitutional.  
FM Props. Operating Co. v. City of Austin
, 22 S.W.3d 868, 873 (Tex. 2000); 
Quick v. City of Austin
, 7 S.W.3d 109, 115 (Tex. 1998).  A party raising a facial challenge to the constitutionality of a statute must demonstrate that the statute always operates unconstitutionally.  
Wilson v. Andrews
, 10 S.W.3d 663, 670 (Tex. 1999).  In other words, a challenger must establish that no set of circumstances exists under which the statute would be valid.  
Id.
  In reviewing a facial challenge to a statute’s constitutionality, we consider the statute as written, rather than as it operates in practice.  
See Barshop v. Medina County Underground Water Conservation Dist.
, 925 S.W.2d 618, 626- 27 (Tex. 1996).

Turning to the language of the statute at issue, family code section 263.405, it provides in relevant part:

(d) The trial court shall hold a hearing not later than the 30th day  after the date the final order [terminating parental rights] is signed to determine whether:

(1) a new trial should be granted;

(2) a party’s claim of indigence, if any, should be sustained; and

(3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code.

. . . .

(f) The appellate record must be filed in the appellate court not later than the 60th day after the date the final order is signed by the trial judge, unless the trial court, after a hearing, grants a new trial or denies a request for a trial court record at no cost.

(g) The appellant may appeal the court’s order denying the appellant’s claim of indigence or the court's finding that the appeal is frivolous by filing with the appellate court the reporter’s record and clerk’s record of the hearing held under this section, both of which shall be provided without advance payment, not later than the 10th day after the court makes the decision.  The appellate court shall review the records and may require the parties to file appellate briefs on the issues presented, but may not hear oral argument on the issues.  The appellate court shall render appropriate orders after reviewing the records and appellate briefs, if any.

Tex. Fam. Code Ann.
 § 263.405(d), (f)-(g).

Section 263.405 does not set out the test the trial court is required to apply to determine whether a party is indigent and is therefore entitled to a free record.  
See
 Tex. Fam. Code Ann. 
§263.405(f).  That test is set forth in section 13.003 of the civil practice and remedies code, which is captioned “Free Transcript of Statement of Facts on Appeal” and states in part:

(a) Subject to Subsection (c), a court reporter shall provide without cost a statement of facts and a clerk of a court shall prepare a transcript for appealing a judgment from the court only if:

(1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and

(2) the trial judge finds:

(A) the appeal is not frivolous; and

(B) the statement of facts and the clerk’s transcript is needed to decide the issue presented by the appeal.

Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003(a) (Vernon 2002).

Thus, juxtaposing family code section 263.405 and civil practice and remedies code section 13.003(a), a trial court’s determination that an appeal is frivolous has two statutory consequences.  First, under family code section 263.405(g), it limits the scope of appellate review to the trial court’s determination that the appeal is frivolous.  
In re S.J.G.
, 124 S.W.3d 237, 243 (Tex. App.—Fort Worth 2003, pet. denied) (recognizing that, after a finding by the trial court that an appeal is frivolous, parent whose parental rights have been terminated may appeal trial court’s frivolousness determination).  Section 263.405(g)’s statutory limit on the scope of appellate review following a frivolousness determination applies equally to indigent and to non-indigent appellants.  
See
 
Tex. Fam. Code Ann.
 § 263.405(g).  Second, under civil practice and remedies code section 13.003(a)(2)(A), a trial court’s frivolousness determination has the consequence of denying an indigent appellant the right to a free clerk’s record and reporter’s record of the underlying trial.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003(a)(2)(A).  This second consequence, the statutory denial of a free appellate record to an indigent appellant, occurs, of course, only when the appellant is indigent.  It is the disparate impact of this second statutory consequence of a section 263.405(d)(3) frivolousness finding that Appellants argue is unconstitutional.

A close examination of the interplay between family code section 263.405(d), (f), (g) and civil practice and remedies code section 13.003(a)(2)(A) demonstrates that the second consequence is immaterial because of the first consequence.  That is, once the trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court’s frivolousness finding.  
Tex. Fam. Code Ann
. § 263.405(g); 
see also S.J.G.
, 124 S.W.3d at 243.  And section 263.405(g) mandates that the reporter’s record and the clerk’s record of the frivolousness hearing “shall be provided without advance payment” to the appellant.  
Tex. Fam. Code Ann
. § 263.405(g).  Nothing in section 263.405 suggests that a non-indigent appellant has the right to file any record with an appellate court other than the reporter’s record and the clerk’s record of the frivolousness hearing.  Therefore, an appellant is statutorily guaranteed the same limited appellate review of a trial court’s frivolousness finding regardless of whether the appellant is indigent.

Appellants also question how it can be that a parent facing state-initiated termination under family code chapter 263 is statutorily limited to an appellate review of the record of a trial court’s frivolousness finding, while a parent facing termination initiated by a private party has the right to a full appeal under family code section 109.002, which allows appeal from a final termination order “as in civil cases generally.”  
See
 
Tex. Fam. Code Ann. 
§ 109.002 (Vernon 2002).  But Appellants’ question is a non sequitur; the premise underlying the question is faulty.  Suppose a parent seeking to appeal a private termination seeks a free record under civil practice and remedies code section 13.003.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003.  If the trial court determines that the appeal is frivolous under section 13.003(a)(2)(A), then the parent is not entitled to a free record.  
See
 
id
. § 13.003(a).  The parent would be entitled to a free record of the frivolousness hearing so that the frivolousness finding could be reviewed by the appellate court.  
See De La Vega v. Taco Cabana
,
 Inc.
, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.) (op. on reh’g) (en banc).  In other words, the indigent parent in a private termination whose appeal is deemed frivolous has precisely the same right to a free record of the frivolousness hearing given by section 263.405 to an indigent parent in a state termination whose appeal is deemed frivolous.  Thus, the disparity between the two proceedings posited by Appellants does not exist.  Because both indigent and non-indigent appellants have the equal right and opportunity to appeal a frivolousness finding, we hold that section 263.405 does not violate Appellants’ equal protection or due process rights.

We turn now to Appellants’ complaint that section 263.405 denies them their constitutional right to an appeal with a full record.  After the briefs were submitted in this case, we held that an appellate court has the authority to order the preparation of a free record of all of the evidence in a termination case when necessary to review a trial court’s determination that an appeal raising a factual sufficiency complaint is frivolous.  
In re M.R.J.M.
,
(footnote: 2) 193 S.W.3d 670, 676 (Tex. App.—Fort Worth 2006, no pet. h.) (en banc) (holding that such an order is “
appropriate
” under section 263.405(g)).
(footnote: 3)  In this case, after reviewing the record from the frivolousness hearing, we ordered the court reporter to prepare and file a reporter’s record containing all of the evidence admitted at the termination trial.  
See id.
 at 674; 
see also
 
Tex. R. App. P.
 34.6(d).  Because we obtained and reviewed the reporter’s record from the trial in connection with our review of the trial court’s frivolousness findings, we fully examined the merits of Appellants’ purported issues on appeal.  Thus, we cannot agree that section 263.405 operates to deny appellants of a meaningful appeal.  In any event, in light of the review we have conducted, Appellants have suffered no harm from the complaint they assert.  
See
 
Tex. R. App. P.
 44.1(a).

We therefore overrule mother’s first and second points and father’s first through fourth points and his seventh point.

III.  Frivolous Finding

We turn now to mother’s third point and father’s sixth point, in which they challenge the trial court’s findings that their appeals are frivolous.  Both Appellants argue that the proceeding was not frivolous because there was an arguable basis in law or in fact.  To support their argument, Appellants point to the jury verdict, which was not unanimous, and the factual and legal insufficiency of the evidence.

In determining whether an appeal is frivolous, “a judge may consider whether the appellant has presented a substantial question for appellate review.”  
Tex. Civ. Prac. & Rem. Code Ann
. § 13.003(b);
 Tex. Fam. Code Ann
. § 263.405(c)(3) (incorporating section 13.003(b) by reference).  “It is well established, however, that a proceeding is ‘frivolous’ when it ‘lacks an arguable basis either in law or in fact.’”  
De La Vega
, 974 S.W.2d at 154.  We review a trial court’s finding of frivolousness under the abuse of discretion standard.  
Id.

Initially, we note that Appellants’ attempts to use the ten-two jury verdict to establish an arguable basis that the appeal is not frivolous cannot stand.  The law allows a verdict to be rendered by ten members of an original jury of twelve.  
See
 
Tex. R. Civ. P.
 292.

Moreover, after reviewing the reporter’s record and exhibits from the trial, we have determined that the trial court acted within its discretion by determining that Appellants’ appeals would be frivolous.  At the conclusion of the trial, the jury found by clear and convincing evidence that mother’s and father’s rights to T.C. and G.C. should be terminated based on the following grounds:  (1) mother and father knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children; (2) mother and father engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children; (3) mother and father failed to comply with the provisions of a court order that specifically established the actions necessary for them to obtain the return of the children, who have been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children’s removal from the parent for the abuse or neglect of the children; and (4) termination of the parent-child relationship between mother and father and the children is in the children’s best interest.  The evidence at trial  demonstrated that both mother and father abused drugs, got into physical fights, did not maintain a stable home for their children, did not maintain stable employment, abandoned their children when they moved cross-country, left their children with people who were violent and known drug users, and did not pay child support; that mother was in jail at the time of trial and had participated in several criminal activities; that father did “virtually nothing” on the CPS service plan; and that the children suffered from aggression, developmental delays, and anxiety issues as a result of being neglected and moved around.

Based on all the evidence admitted at trial, we agree that any appeal from the judgment would not present a substantial question for appellate review.  
See 
Tex. Fam. Code Ann
.
 § 263.405(d); 
Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003(b) (Vernon 2002);
 see also M.R.J.M.,
 193 S.W.3d at 673 n.7. 
 Accordingly, 
we hold that the trial court did not abuse its discretion by concluding that Appellants’ appeals would be frivolous.  We overrule mother’s third point and father’s sixth point.

IV.  Conclusion

Having overruled all of Appellants’ points, we affirm the trial court’s frivolous findings.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; 
WALKER and MCCOY, JJ.

DELIVERED:  August 3, 2006

FOOTNOTES
1:
Appellants are mother and father of T.C. and G.C.

2:
We consolidated that appeal
 with this appeal of 
T.C. & G.C.
 for the limited purpose of determining whether we have adequate records for reviewing the trial courts’ frivolousness determinations on appellants’ factual sufficiency complaints.  
M.R.J.M.
, 193 S.W.3d at 672.

3:
In his fifth point, father argues that section 263.405 violates article V, section 6(A) of the Texas Constitution, dealing with the appellate courts’ exclusive power to resolve factual sufficiency complaints.  Because we have addressed this issue in 
M.R.J.M.
, 193 S.W.3d at 672 (holding that section 263.405 is not unconstitutional under the separation of powers clause of the Texas Constitution)
, we overrule father’s fifth point as moot.