206 S.W.3d 170 (2006)
In the Interest of V.I. and V.I., Children.
No. 10-06-00183-CV.
Court of Appeals of Texas, Waco.
October 11, 2006.
Brad K. Cune, Bryan, for appellant.
Bill R. Turner, Brazos County Dist. Atty., Bryan, for appellee.

DISSENTING OPINION TO LETTER ORDER
TOM GRAY, Chief Justice.
This is an accelerated appeal of the termination of parental rights. The court reporter has provided this Court with a copy of the trial court's July 5, 2006 "Order Denying Transcript of Statement of Facts and Denying Motion for New Trial." A majority of this Court now orders the appellant as follows:
No later than 10 days after the date of this letter, Appellant shall notify, in writing, the Clerk of this Court and the trial court clerk and the court reporter whether Appellant intends to appeal the trial court's non-indigence or frivolousness findings. See TEX. FAM.CODE ANN. § 263.405(e), (g) (Vernon Supp.2006); In re K.D., 202 S.W.3d 860 (Tex.App.-Fort Worth, 2006, no pet. h.); In re T.C., 200 S.W.3d 788 (Tex.App.-Fort Worth, 2006, no pet. h.); In re M.R.J.M., 193 S.W.3d 670 (Tex.App.-Fort Worth 2006, order). If Appellant gives written notice that she intends to appeal either of these findings, a supplemental reporter's record and a supplemental clerk's record pertaining to the trial court's section 263.405 hearing and the July 5, 2006 order shall be filed with the Clerk of this Court no later than 30 days after the date of this letter. See TEX. FAM.CODE ANN. § 263.405(g).
I do not understand what we are doing in this order or what this order is intended to accomplish. I do not find a source of authority for us to ask a party if they intend to appeal an appealable order. And the time for filing a notice of appeal from this order has long since passed. It does not appear that indigence was claimed or that the appointment of an attorney was requested.[1] Further, the records of the June 28, 2006 hearing, both the clerk's record and the reporter's record, were due within ten days after July 5, 2006, at the latest. It does not appear from the statute that anyone has to do anything to cause these records to be filed; but if we are going to interject ourselves into this process, we should only give the clerk and the reporter the original ten days as specified in the statute and not 30 days. TEX. FAM. CODE ANN. § 263.405(g) (Vernon Supp. 2006). We cannot extend time to file a record without good cause. TEX. FAM.CODE ANN. § 263.405(h) (Vernon Supp.2006).
But if we get the notice of appeal for the issues in this order and get the records for that hearing, what purpose will have been achieved? Let's say we decide the parties are indigent and the appeal is not frivolous, *171 just for the sake of argument, what can we consider? Even assuming the statement of points asserting that each of the critical findings lack evidentiary support in the record are sufficiently specific as required by the last sentence of section 263.405(i), a question I am not yet willing to concede, the statement of points was not timely filed and we cannot consider any issue that was not specifically presented to the trial court in a "timely filed" statement of points on which the party intends to appeal. TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2006).
Based on the foregoing, we should simply request a response to the question of how we can address any issue and decide that question first before we chase down records and cause the State and parties to incur costs that ultimately we can do nothing with. In re E.A.R., 188 S.W.3d 879 (Tex.App.-Waco 2006, order). At the very least, we should determine this issue simultaneously with the majority's objective of this order, whatever it is. Because the majority unnecessarily delays the final disposition of this proceeding by failing to proceed with an inquiry and request for briefing that would address a potentially dispositive issue at the earliest available time, I respectfully dissent.[2]
NOTES
[1] A clerk's record has been filed. Also, the docketing statement has been filed and indicates that an affidavit of indigence was not filed.
[2] There is no reason to wait until after briefing to make our inquiry. Other courts make the inquiry as soon as possible after the nature of the proceeding is evident and the procedural impediment to addressing any issue is identified. See In re J.M.S., No. 06-05-00139-CV, 2005 WL 3465518, at *1, 2005 Tex.App. LEXIS 10524, *2 (Tex.App.-Texarkana Dec.20, 2005, no pet.) (mem.op.); see also In re A.C.A., No. 13-05-610-CV, 2006 WL 1172331, 2006 Tex.App. LEXIS 3759 (Tex.App.-Corpus Christi May 4, 2006, no pet.) (mem.op.).