**In the Interest of V.I. and V.I., Children.**

**No. 10–06–00183–CV.**

Court of Appeals of Texas, Waco.

Nov. 15, 2006.

Brad K. Cune, Bryan, for appellant.

Bill R. Turner, Brazos County Dist. Atty., Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### ORDER

PER CURIAM.

The Court has reviewed the clerk's record, and the court reporter has provided the Court with a copy of the trial court's July 5, 2006 "Order Denying Transcript of Statement of Facts and Denying Motion for New Trial." In the order, the trial court stated that it held a hearing on June 28, 2006 on Appellant's Motion for New Trial and Statement of Points on Appeal. The trial court denied Appellant's motion for new trial, found that Appellant was not indigent because she had not filed an affidavit of inability to pay costs of appeal, and found that Appellant's appeal is frivolous under section 13.003(a)(2) of the Texas Civil Practice and Remedies Code.

---

The June 28, 2006 hearing was held in accordance with section 263.405(d), which provides:

> (d) The trial court shall hold a hearing not later than the 30th day after the date the final order is signed to determine whether:
>
> (1) a new trial should be granted;
>
> (2) a party's claim of indigence, if any, should be sustained; and
>
> (3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code.

TEX. FAM.CODE ANN. § 263.405(d) (Vernon Supp.2006).

In an October 11, 2006 letter from the Clerk of the Court to Appellant's attorney, the Court requested that, no later than 10 days after the date of the letter, Appellant notify, in writing, the Clerk of this Court and the trial court clerk and the court reporter whether Appellant intends to appeal the trial court's non-indigence or frivolousness findings. *See* TEX. FAM.CODE ANN. § 263.405(e), (g) (Vernon Supp.2006). To date the Court has not received a response to the Clerk's October 11, 2006 letter. Section 263.405(g) provides:

> (g) The appellant may appeal the court's order denying the appellant's claim of indigence or the court's finding that the appeal is frivolous by filing with the appellate court the reporter's record and clerk's record of the hearing held under this section, both of which shall be provided without advance payment, not later than the 10th day after the date the court makes the decision. The appellate court shall review the records and may require the parties to file appellate briefs on the issues presented, but may not hear oral argument on the issues. The appellate court shall render appropriate orders after reviewing the records and appellate briefs, if any.

TEX. FAM.CODE ANN. § 263.405(g) (Vernon Supp.2006).

In addition, the reporter's record and the clerk's record of the June 28, 2006 hearing have not been filed.

Once a trial court finds that an appellant is not indigent and that an appeal is frivolous, appellate review is statutorily limited to reviews of the trial court's non-indigence and frivolousness findings. *See In re T.C.,* 200 S.W.3d 788, 791 (Tex.App.-Fort Worth 2006, no pet. h.). And under Civil Practice and Remedies Code section 13.003(a)(2)(A), a trial court's frivolousness determination has the consequence of denying an indigent appellant the right to a free clerk's record and reporter's record of the underlying trial. *Id.* at 792.

Accordingly, the Court orders that, within twenty-one (21) days of the date of this order, Appellant's attorney shall file with the Court a response stating:

(1) Why Appellant has not responded to the Clerk's October 11, 2006 letter; and

(2) Why the reporter's record and the clerk's record from the June 28, 2006 hearing in the trial court have not been filed in this Court.

If Appellant fails to file a timely response to this order, this appeal may be dismissed under Texas Rule of Appellate Procedure 42.3.

(Chief Justice Gray dissents without a separate opinion but see In re V.I., 206 S.W.3d 170, (Tex.App.-Waco 2006) (Dissent to Order)).