IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00183-CV

 

In the
Interest of V.I. and V.I., Children,

                                                                                    

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 05-000117-CV-272

 



ORDER



 

The Court has reviewed the clerk’s record, and the
court reporter has provided the Court with a copy of the trial court’s July 5,
2006 “Order Denying Transcript of Statement of Facts and Denying Motion for New
Trial.”  In the order, the trial court stated that it held a hearing on June
28, 2006 on Appellant’s Motion for New Trial and Statement of Points on
Appeal.  The trial court denied Appellant’s motion for new trial, found that
Appellant was not indigent because she had not filed an affidavit of inability
to pay costs of appeal, and found that Appellant’s appeal is frivolous under
section 13.003(a)(2) of the Texas Civil Practice and Remedies Code.

The June 28, 2006 hearing was held in accordance
with section 263.405(d), which provides:

(d) The trial court shall hold a hearing not later
than the 30th day after the date the final order is signed to determine
whether:

            (1) a new trial should be granted;

(2) a party’s claim of indigence, if any, should
be sustained;  and

(3) the appeal is frivolous as provided by Section
13.003(b), Civil Practice and Remedies Code.

 

Tex. Fam. Code Ann. § 263.405(d) (Vernon Supp. 2006).

 

In an October 11, 2006 letter from the Clerk of
the Court to Appellant’s attorney, the Court requested that, no later than 10
days after the date of the letter, Appellant notify, in writing, the Clerk of
this Court and the trial court clerk and the court reporter whether Appellant
intends to appeal the trial court’s non-indigence or frivolousness findings.  See
Tex. Fam. Code Ann. § 263.405(e),
(g) (Vernon Supp. 2006).  To date the Court has not received a response to the
Clerk’s October 11, 2006 letter.  Section 263.405(g) provides:

            (g) The appellant may appeal the
court’s order denying the appellant’s claim of indigence or the court’s finding
that the appeal is frivolous by filing with the appellate court the reporter’s
record and clerk’s record of the hearing held under this section, both of which
shall be provided without advance payment, not later than the 10th day after
the date the court makes the decision.  The appellate court shall review the records
and may require the parties to file appellate briefs on the issues presented,
but may not hear oral argument on the issues.  The appellate court shall render
appropriate orders after reviewing the records and appellate briefs, if any.

 

Tex. Fam. Code Ann. § 263.405(g) (Vernon Supp. 2006).

 

In addition, the reporter’s record and the clerk’s
record of the June 28, 2006 hearing have not been filed.

            Once a trial court finds that an
appellant is not indigent and that an appeal is frivolous, appellate review is
statutorily limited to reviews of the trial court’s non-indigence and
frivolousness findings.  See In re T.C., 200 S.W.3d 788, 791 (Tex. App.—Fort Worth 2006, no pet. h.).  And under Civil Practice
and Remedies Code section 13.003(a)(2)(A), a trial court’s frivolousness
determination has the consequence of denying an indigent appellant the right to
a free clerk’s record and reporter’s record of the underlying trial.  Id. at 792.

Accordingly, the Court orders that, within
twenty-one (21) days of the date of this order, Appellant’s attorney shall file
with the Court a response stating:

(1)              
Why Appellant has not
responded to the Clerk’s October 11, 2006 letter; and

 

(2)              
Why the reporter’s record and
the clerk’s record from the June 28, 2006 hearing in the trial court have not
been filed in this Court.

 

If Appellant fails to file a timely response to
this order, this appeal may be dismissed under Texas Rule of Appellate
Procedure 42.3.

 

PER CURIAM

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

(Chief Justice Gray dissents without a separate
opinion but see In re V.I., 2006 Tex. App. Lexis 8854; 2006 WL 2884801
(Tex. App.—Waco Oct. 11, 2006) (Dissent to Order)).

Order issued and filed November
15, 2006

Publish






onable factfinder could not have resolved
that disputed evidence in favor of its finding.  If, in light of the entire
record, the disputed evidence that a reasonable factfinder could not have
credited in favor of the finding is so significant that a factfinder could not
reasonably have formed a firm belief or conviction, then the evidence is
factually insufficient.  

 

In re J.F.C., 96 S.W.3d 256, 266-67 (Tex. 2002) (quoting In re C.H., 89
S.W.3d 17, 25 (Tex. 2002)) (internal footnotes omitted) (alterations added).




Applicable Facts

            Child Protective Services of Hill
County received two reports in late January of 2008, within days of each other,
of the physical neglect of S.T.’s two children.  When Beverly Gerke, an
investigator with Child Protective Services, interviewed the children, they
both told her that they did not have enough to eat and did not have water at
the house.  When she arrived at S.T.’s house, the house was cold.  There was a
terrible odor in the house.  There were rat feces in the kitchen.  There were
roaches everywhere.  The refrigerator had roaches in it.  There was some food,
but some of it was moldy.  There was not enough food to sustain a child.  It
was not a livable situation for any adult or child.  In the bathroom, the
commode was covered in feces.  There were feces on the floor.  There were also
trails of feces on the floor going to and from the back bedroom, which was
S.T.’s mother’s bedroom, and the bathroom.  There was not a room specifically
for the children.  On the day of the removal, S.T. appeared disoriented.

            S.T. proposed that the reason the
house was a mess was that she became sick in November and was so sick that she
was not aware the house was in that condition.  

            But S.T.’s cousin, Shirley, disputed
S.T.’s proffered reason for the condition of the house.  Shirley testified that
in August or September of 2007, she visited S.T.’s home and found it to be
“pretty nasty” and “pretty rough.”  She would not sit down anywhere.  She
observed roaches and trash on the floor.  At that time, Shirley did not venture
past the living room.  In November, S.T. and the children did not have
electricity in their home; and S.T. asked Shirley if they could spend the night
in Shirley’s guest house.  S.T. and the children spent one night with Shirley
but left after that night because of a disagreement S.T. had with Shirley’s
house rules.  Shirley observed that S.T. did not show any signs of being sick
that night.  

            A week before Christmas of 2007,
Shirley and her son stopped by S.T.’s house to leave Christmas gifts for the
children.  No one was home.  Shirley stated that the house was “just nasty
beyond comprehension.”  She stated that she saw rat feces and roaches during
this visit.  Later, just a few days prior to the removal of the children,
Shirley went back to S.T.’s house to pick up some papers for S.T.’s mother who had
been taken to the hospital.  S.T. “cussed [Shirley] out” because S.T. believed
she was more sick than her mother and that she was the one who needed to be
taken to the hospital, not her mother.  Shirley testified that S.T. did not
have any outward appearance of being sick.  S.T. was walking around and was not
incoherent.  Shirley stated that at that time, the house was so filthy she
called the police.  She believed that the house was not a safe environment for
the children.  

            Shirley further testified that after
the children were removed, she and her son went over to S.T.’s house to try to
clean it up for the children’s return.  But after removing six 30 gallon trash
bags full of trash from just the kitchen floor, Shirley gave up.  She stated
that the amount of filth in the house was not just weeks’ worth of filth; it
was months’ worth of filth.  

            Apparently, these months were not the
only time S.T.’s home was unclean.  At least one of S.T.’s children told
Shirley that they would move from “worse house to worse house.”

            S.T.’s mother testified that she was a
substitute teacher, had asthma, and was physically unable to clean the house
when she got home after work.  She stated that S.T. had become so wrapped up in
herself that she did not see what was going on with the rest of the family. 
S.T. expected the children who were 6 and 8 years old to do most of the
cleaning.  S.T.’s withdrawal had started in the summer of 2007.  S.T. would
just stay in her room and play video games.  

Application

            After looking at the evidence in the
light most favorable to the trial court's finding that S.T. knowingly
placed or knowingly allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the
children, we hold that a reasonable trier of fact could have formed a firm
belief or conviction that the finding was true.  The evidence of S.T.’s
knowledge was legally sufficient.

            After giving due consideration to
evidence that the trial court could reasonably have found to be clear and
convincing, we hold that the evidence was such that the trial court could
reasonably form a firm belief or conviction that S.T. knowingly placed
or knowingly allowed the children to remain in conditions or
surroundings which endangered the physical or emotional well-being of the
children.  The evidence of S.T.’s knowledge was factually sufficient.

            S.T. further complains in her brief
that the trial court’s finding of best interest should be reversed.  This part
of S.T.’s issue was not specifically presented to the trial court in her
statement of points located in her motion for new trial and is dismissed.  Tex. Fam. Code Ann. § 263.405(i)
(Vernon 2008); see In the Interest of E.A.R, 201 S.W.3d 813, 814
(Tex. App.—Waco 2006, no pet.).

Conclusion

            Because the evidence was legally and
factually sufficient to support one predicate act, S.T.’s first issue is
overruled.

Continuance

            S.T.’s second issue contains two
parts.  In the first part of the issue, S.T. argues that the trial court abused
its discretion in denying her motion for continuance.  We begin by assuming
without deciding that the motion for continuance was properly supported by
affidavit in the form of counsel’s verification.[1] 
See Tex. R. Civ. P. 251. 
The decision to grant or deny a motion for continuance is within the trial
court's sound discretion.  Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984).  Unless the record
discloses a clear abuse of that discretion, the trial court's action in granting
or refusing a motion for continuance will not be disturbed.  Villegas,
711 S.W.2d at 626; Schneider Nat'l Carriers, Inc. v. Bates, 147 S.W.3d
264, 292 n.142 (Tex. 2004). 

            It was alleged in S.T.’s motion for
continuance that the continuance was needed because counsel was unable to
contact S.T. until November 20, 2008 when the trial was scheduled for December 1, 2008.  Counsel requested additional time to prepare for trial.  At the hearing
on the motion, the trial court attributed the delay in communication with
counsel to S.T., stating that S.T. knew the Department was involved in the case
and could have received information from the Department had she tried.  The
trial court’s reason for the denial is amply supported by the record which
shows a history of S.T.’s unwillingness to do what was necessary to have her
children returned to her.  Therefore, we find the trial court did not abuse its
discretion in denying S.T.’s motion for continuance.  Even if the trial court
abused its discretion in denying the motion for continuance, S.T. cannot show
harm.  S.T. never alleged in her motion for continuance, her motion for new
trial, or in her brief on appeal how much time she needed or what other
resources could have been discovered had she had additional time to prepare for
trial.  What she would have done with more time was never asserted and thus
remains a mystery.

            In the second part of her issue, S.T.
argues that her due process rights were violated when the trial court denied
her motion for continuance.  This part of the issue was not specifically
presented to the trial court in S.T.’s statement of points contained within her
motion for new trial and is dismissed.  Tex.
Fam. Code Ann. § 263.405(i) (Vernon 2008); see In the Interest of
E.A.R, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

            Because the trial court did not abuse
its discretion in denying S.T.’s motion for continuance, her second issue is
overruled.

 

Issues Dismissed

            S.T.’s last two issues, that she was
denied due process when she was denied a jury trial and that her trial counsel
was generally ineffective, were not specifically presented to the trial court
in her statement of points located in her motion for new trial and are
dismissed.  Tex. Fam. Code Ann. §
263.405(i) (Vernon 2008); see In the Interest of E.A.R, 201
S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

Conclusion

            Having overruled the issues properly
before us, we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed July 22, 2009

[CV06]









[1] It
is unclear from the case law whether a verification of the motion can
substitute for a supporting affidavit as specified in the rule.  In this case,
the verification is not sufficient because it is not based on personal
knowledge and does not verify that the facts contained in the motion are true
and correct.  Rather, the verification only asserts that the allegations are
based on information and the belief of the affiant.  See Kerlin v. Arias,
274 S.W.3d 666, 668 (Tex. 2008); Humphreys v. Caldwell, 888 S.W.2d 469,
470 (Tex. 1994).