

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00045-CV

IN RE THE COMMITMENT OF DANIEL ALLEN METCALF

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 17C1549-005

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Concurrent with the filing of his notice of appeal from the trial court's judgment adjudicating him a sexually violent predator and involuntarily committing him to a residential treatment facility, Daniel Allen Metcalf filed a declaration of indigency in the Fifth Judicial District Court of Bowie County pursuant to Rule 145 of the Texas Rules of Civil Procedure and Section 13.003(a)(1) of the Texas Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 145; TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(1).[1] Metcalf then filed, in reliance on his declaration, a motion for the preparation of the reporter's record without charge, averring that he intended to raise two issues on appeal: (1) whether the trial court committed reversible error by admitting improper hearsay evidence and (2) whether the evidence was legally and factually sufficient to support a finding that Metcalf is a sexually violent predator. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2). Without conducting a hearing, the trial court denied Metcalf's motion, finding the appeal frivolous.[2]

Metcalf has filed a motion in this Court pursuant to Rule 145(g) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 145(g) (providing for appellate review of trial court's Rule 145 order). Under Rule 145, "A party who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs except by order of the court as provided by this rule." TEX.

---

[1]This code provision requires the court reporter and the clerk to provide the record without cost if the appellant files an affidavit of inability to pay the costs of appeal and the trial court finds that the appeal is not frivolous and the record is needed to decide the issue presented by the appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(1), (2). "In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b).

[2]The trial court ordered the Office of State Counsel for Offenders to pay the court reporter's reasonable fees.

R. CIV. P. 145(a). Metcalf's statement was made under penalty of perjury, as required by the Rule, and was filed by the clerk. The Rule further requires the declarant to provide, in the statement of inability to pay costs, evidence of his inability to afford costs. Here, Metcalf's declaration states that he has no income and is indigent due to incarceration. Regardless of the statement, "[t]he declarant may not be required to pay costs without an oral evidentiary hearing," and "[t]he declarant must be given ten days' notice of the hearing." TEX. R. CIV. P. 145(f)(5). Finally, "[a]n order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs." TEX. R. CIV. P. 145(f)(6).

Metcalf complains that the trial court failed to comply with Rules 145(f)(5) and (6) and summarily denied his motion on the basis that his appeal is frivolous. Metcalf asks this Court to require the trial court to hold an evidentiary hearing whereby he may prove his inability to afford costs, to provide him 10 days' written notice of the hearing, and to make detailed findings that he can afford to pay costs, should the trial court so find. Metcalf further claims that the reporter's record is indispensable given his legal and factual sufficiency arguments. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(B).

We do not find it necessary to abate this matter *for a hearing on Metcalf's indigence*. Under Section 13.003(a)(2)(A) of the Texas Civil Practice and Remedies Code, "a trial court's frivolousness determination has the consequence of denying an indigent appellant the right to a free clerk's record and reporter's record of the underlying trial." *In re T.C.*, 200 S.W.3d 788, 792 (Tex. App.—Fort Worth 2006, no pet.). "This . . . consequence, the statutory denial of a free appellate record to an indigent appellant, occurs, of course, only when the appellant is indigent."

3

*Id.*; *see Baughman v. Baughman*, 65 S.W.3d 309, 315 (Tex. App.—Waco 2001, pet. denied) (by determining that appellant was not indigent, it was unnecessary for the trial court to reach issues of whether the appeal was frivolous and whether the record was necessary to present issues on appeal). Stated differently, the denial of a free record because of frivolousness presumes that the appellant is indigent. Here, it is apparent that the trial court did not deny the free record because Metcalf was not indigent. The trial court denied a free record because of frivolousness.

That said, the trial court did not conduct a hearing on the issue of whether the appeal is, in fact, frivolous. "As the Court made clear in *Coppedge* [*v. United States*, 369 U.S. 438, 446–48 (1962)], while the federal Constitution does not guarantee an appellant a free record to pursue a frivolous appeal, it does require that she receive a sufficient record, without charge, to establish the trial court erred in finding that her appeal is frivolous." *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). In the absence of a frivolity hearing, Metcalf cannot establish, by a "sufficient record," that the trial court erred in finding that his appeal is frivolous. "Whether a ground for appeal is frivolous necessarily involves questions of both fact and law; consequently, this issue must be decided by the trial court in the first instance" following a hearing on this issue. *Garza v. Garza*, 155 S.W.3d 471, 477 (Tex. App.—San Antonio 2004, no pet.).

Accordingly, we abate this appeal to the trial court to conduct a hearing on the question of whether Metcalf's appeal is frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(A). In making this determination, the trial court "may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b).

4

We instruct the trial court to conduct the hearing within fifteen days of the date of this order. The trial court's findings shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within ten days of the date of the hearing. The supplemental reporter's record of the hearing shall be filed within ten days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records.

IT IS SO ORDERED.

BY THE COURT

Date: June 10, 2019