Lorraine DE LA VEGA, Appellant,

v.

TACO CABANA, INC., Appellee.

No. 04–94–00835–CV.

Court of Appeals of Texas,
San Antonio.

April 8, 1998.

Stephen E. Van Gaasbeck, Lytle & Van Gaasback, San Antonio, for appellant.

Jeffrey T. Harvey, Leo D. Figueroa, Jackson & Walker, L.L.P., San Antonio, for appellee.

Before HARDBERGER, C.J., RICKHOFF, LÓPEZ, STONE, GREEN, DUNCAN and ANGELINI, JJ., and ANTONIO G. CANTU, J. [2]

2. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

## OPINION

DUNCAN, Justice.

In an en banc order issued May 21, 1997, this Court withdrew the panel's April 30, 1997 opinion and ordered the court reporter to file a record of the hearing at which the trial court determined that Lorraine De La Vega's appeal is frivolous. In support of this order, we now issue this opinion holding that an indigent appellant who appeals a trial court order denying her a free reporter's record on the ground that her appeal is frivolous is constitutionally entitled to a free reporter's record of the hearing at which the trial court found the appeal to be frivolous.

### FACTUAL AND PROCEDURAL HISTORY

Lorraine De La Vega sued her employer, Taco Cabana, Inc., for negligently failing to provide a safe work environment, which she alleges was a cause of a back injury she suffered when she slipped and fell at her workplace. The jury found Taco Cabana was not negligent, and the trial court rendered judgment on the verdict in Taco Cabana's favor.

To perfect her appeal from this adverse judgment, De La Vega filed an affidavit of indigence, as was then permitted by Rule 40(a)(3)(A), TEX.R.APP. P. At the hearing on the court reporter's contest of De La Vega's affidavit, the trial court overruled the contest but then granted the reporter's oral request to deny De La Vega a free reporter's record on the ground that her appeal is frivolous. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(a)(2)(A) (Vernon Supp.1998). In its resulting order, the trial court found that De La Vega's "appeal was frivolous in that [she] has not presented a substantial question for appellate review as required." [3] De La Vega sought relief from this order by a motion to

3. We recognize the trial court's order suggests it imposed the burdens of production and persuasion on De La Vega, and this may be incorrect under *Coppedge v. United States,* 369 U.S. 438, 447–48, 82 S.Ct. 917, 922–23, 8 L.Ed.2d 21 (1962). However, in light of the circumstances presented at this point in De La Vega's appeal, we need not and do not address or decide this issue.

abate and by a writ of mandamus, but both were denied. Ultimately, this Court ordered the appeal submitted on the clerk's record alone.

## STANDARD OF REVIEW

■ No reported Texas opinion addresses the standard of review to be applied to a trial court's section 13.003 findings. It is well established, however, that a proceeding is "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989), *quoted with approval in Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990) (per curiam). Necessarily, therefore, both questions of fact and questions of law may be involved in a determination that an appeal is frivolous. *Cf., e.g., Bohannan v. Texas Bd. of Criminal Justice,* 942 S.W.2d 113, 115 (Tex.App.—Austin 1997, writ denied) (per curiam); *McDonald v. Houston Dairy,* 813 S.W.2d 238, 239 (Tex. App.—Houston [1st Dist.] 1991, no writ). The same is true for a trial court's ruling on whether a petition filed in the trial court is frivolous, and this determination is governed by an abuse of discretion standard. *See, e.g., Bohannan,* 942 S.W.2d at 115.

Applying an abuse of discretion standard in this context is appropriate because "Texas courts generally employ the abuse of discretion standard" "[w]hen a matter involving both factual determinations and legal conclusions is decided by the trial court." *Pony Express Courier Corp. v. Morris,* 921 S.W.2d 817, 820 (Tex.App.—San Antonio 1996, no writ) (per curiam) (listing examples). "By applying the abuse of discretion standard, the reviewing court defers to the trial court's factual determinations while properly fulfilling its role to determine questions of law de novo." *Id.; see Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). In recognition of the factors and discretion involved, the Supreme Court has adopted an abuse of discretion standard for frivolous appeal determinations under 28 U.S.C. § 1915. *See Denton v. Hernandez,* 504 U.S. 25, 33–34, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).

■ For these reasons, we hold that the *Walker* abuse of discretion standard of review applies to a trial court's section 13.003 findings.

## DISCUSSION

■ In her first point of error, De La Vega contends the trial court erred in denying her a statement of facts on the ground that her appeal is frivolous and requests that we abate her appeal and order the court reporter to prepare and file a reporter's record without charge to her. Taco Cabana responds that De La Vega has not demonstrated reversible error in this respect because she has not brought forward a record of the hearing from which the trial court's ruling emanated.

Taco Cabana is, of course, correct—without a reporter's record of the hearing on the reporter's contest, De La Vega cannot show the trial court committed reversible error in finding that her appeal is frivolous or in denying her a free statement of facts. *See generally* TEX.R.APP. P. 44.1. What Taco Cabana fails to consider, however, is that De La Vega is entitled to a "record of sufficient completeness to enable [her] to attempt to make a showing [of reversible error]" as a matter of the due process and equal protection guarantees of the United States Constitution. *Coppedge v. United States,* 369 U.S. 438, 446–48, 82 S.Ct. 917, 921–23, 8 L.Ed.2d 21 (1962). Our Texas Constitution presumably requires no less. *See Griffin Indus., Inc. v. Thirteenth Court of Appeals,* 934 S.W.2d 349, 353 (Tex.1996) ("Our state Constitution and our rules of procedure recognize that our courts must be open to all with legitimate disputes, not just those who can afford to pay the fees to get in.").

As the Court made clear in *Coppedge,* while the federal Constitution does not guarantee an appellant a free record to pursue a frivolous appeal, it does require that she receive a sufficient record, without charge, to establish the trial court erred in finding that her appeal is frivolous. *Cf., e.g., Cronen v. Smith,* 812 S.W.2d 69, 70 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding) (stating that court had ordered court reporter to file free reporter's record of hearing on contest to appellant's affidavit of indigence because

necessary to review complaint). *Coppedge* applies to appellants in civil, as well as criminal, appeals. *See, e.g., Denton*, 504 U.S. at 27, 32, 112 S.Ct. at 1730–31, 1733 (applying *Coppedge* in suit alleging civil rights violations under 28 U.S.C. § 1983).

### CONCLUSION

In the context of this appeal, the record required by *Coppedge* was a record of the hearing underlying the trial court's ruling that De La Vega's appeal is frivolous. Only with a record of this hearing could we determine if the trial court properly applied the governing law to facts adequately supported by the record. We therefore ordered the court reporter to prepare and file a record of the hearing underlying the trial court's order denying De La Vega a free reporter's record on the basis that her appeal is frivolous.