MEMORANDUM OPINION

No. 04-05-00729-CV

IN THE INTEREST OF A.M.R., et al., Children

From the 166th Judicial District Court, Bexar County, Texas

Trial Court No. 2004-PA-00723

Honorable David Berchelmann, Jr. , Judge Presiding (1)


Opinion by: Rebecca Simmons , Justice

Sitting: Catherine Stone , Justice

 Sarah B. Duncan , Justice

 Rebecca Simmons , Justice

Delivered and Filed: April 19, 2006

AFFIRMED

 After a non-jury trial, the trial court terminated Frank Rocha's parental rights. Rocha appeals the trial court's order finding
that an appeal of the termination order would be frivolous. (2) We affirm the trial court's orders.

 An appeal is frivolous when it lacks arguable basis either in law or in fact. De La Vega v. Taco Cabana, Inc., 974 S.W.2d
152, 154 (Tex. App.--San Antonio 1998, no pet.). In determining whether an appeal is frivolous, the trial judge may
consider whether the appellant has presented a substantial question for appellate review. Id. A trial court's determination
that an appeal is frivolous is reviewed under an abuse of discretion standard. Id.

A. Closing Argument

 Rocha contends that the trial court abused its discretion in determining that his complaint relating to closing argument
would be frivolous. Rocha's attorney objected to the following argument by the attorney for the children's mother:

 MR. ORTA: Your Honor, one thing we do know is that, number one, he was - had access to the Court by phone and he did
testify and statements were elicited from him. And it is our position, Your Honor, period - the mother wants him
terminated. She feels that is in the best interest of the children and that's agreeable.

During trial, the children's mother had testified that it would be in the best interest of one of her children to terminate
Rocha's parental rights, referring to the child Rocha had shaken and left disabled for which Rocha was convicted. Rocha
intended to assert on appeal that the trial court erred in overruling his objection because the summation contradicted the
testimony.

 To demonstrate that jury argument was harmful, a party must demonstrate (1) an error; (2) that was not invited or
provoked; (3) that was (a) preserved by the proper trial predicate such as an objection, a motion to instruct, or a motion for
mistrial; (b) not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the court; and (4) that
the argument by its nature, degree, and extent was harmful because it made a probable difference in a material finding.
Standard Fire Ins. Co. v. Reese, 584 S.W.2d 835, 839-40 (Tex. 1979). During closing argument, Rocha's attorney did not
object to the following statement made by the attorney for the Department:

 MS. WELLS: . . . . And I - I've continued to talk with the mother even up until today. And I am now of the belief that the
mother is now aligned with the State seeking termination of Mr. Rocha's rights. And if she is the mother of these children
and the one that is going to be responsible for them, I certainly take her opinion today in feeling better about my request to
terminate Mr. Rocha's rights.

Furthermore, Rocha's attorney did not object to the following statement made by the mother's attorney:

 MR. [ORTA]: Yes, Your Honor, the mother of the children, Ms. Virginia Rocha, is requesting that the Court terminate the
parent-child relationship between the father and the children. And that's all.

Accordingly, the suggestion that the mother had changed her decision regarding the best interests of the children was
previously presented to the trial court during closing argument without objection. Furthermore, Rocha failed to demonstrate
that the argument by its nature, degree, and extent was harmful because it made a probable difference in a material finding. 
Accordingly, the trial court did not abuse its discretion in determining that Rocha's complaint regarding closing argument
would be frivolous.

B. Sufficiency of the Evidence

 Rocha also contends that the trial court abused its discretion in determining that a challenge to the factual sufficiency of the
evidence would be frivolous. Rocha intended to challenge the factual sufficiency of the evidence to support the court's
findings that he had been convicted of being criminally responsible for the death or serious injury of a child and that
termination was in the best interest of the children. The evidence is undisputed that Rocha was serving fifteen years in
prison for injuries to one of his children caused by Rocha shaking him. As a result of his injuries, the child cannot sit, is on
a feeding tube, cannot do anything for himself, and requires the daily care of a nurse. Rocha's conviction for injury to his
child is also very significant with regard to the third, fourth, and eighth factors used to determine the children's best interest
-- physical danger to the children in the future, parental ability, and acts of the parent that indicate the parent-child
relationship is not proper. Rogers v. Dept. of Family and Protective Servs., 175 S.W.3d 370, 378 (Tex. App.--Houston [1st
Dist.] 2005, pet. dism'd w.o.j.). Furthermore, the lengthy prison sentence Rocha will be serving for injuring his child is an
additional factor indicating that termination is in the children's best interest. Id. Accordingly, the trial court did not abuse its
discretion in concluding that a challenge to the factual sufficiency of the evidence would be frivolous.

 The trial court's order is affirmed.

 Rebecca Simmons , Justice





1. Associate Judge Peter Sakai presided over the termination hearing and the hearing on the motion for new trial and
statement of appellate points and recommended both the termination order and the order finding the appellate points to be
frivolous. The Honorable David Berchelmann, Jr. signed the termination order adopting Judge Sakai's recommendations.

2. Although Rocha raised five issues in his motion for new trial and statement of appellate points, he concedes in his brief
that the trial court properly found his first two issues to be frivolous.