TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00003-CV






Alexander Vallejo, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. D-1-FM-06-000091, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING




O R D E R



 Alexander Vallejo challenges the district court's determination that his appeal is
frivolous. Vallejo filed a statement of points on appeal in which he asserted that the trial court erred
by involuntarily terminating his parental rights after he filed an affidavit of voluntary relinquishment. 
The trial court determined that Vallejo's appeal was frivolous, thus denying him the right to a free
record on appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 13.003 (West 2002); Tex. Fam. Code
Ann. § 263.405(d)(3) (West 2002). We find no abuse of discretion in the district court's
determination that this appeal is frivolous.

 We review a trial court's determination that an appeal is frivolous under an abuse
of discretion standard. In the Interest of W.B.W., 2 S.W.3d 421, 422 (Tex. App.--San Antonio 1999,
no pet.). An appeal is frivolous when it lacks an arguable basis in law or in fact. De La Vega
v. Taco Cabana, Inc., 974 S.W.2d 152, 154 (Tex. App.--San Antonio 1998, no pet.). In determining

whether an appeal is frivolous, the trial judge may consider whether the appellant has presented a
substantial question for appellate review. Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b).

 The Department sought termination of the parental rights of the parents of A.V. After
the termination hearing began, Vallejo executed an affidavit of voluntary relinquishment of his
parental rights. The court proceeded to terminate his parental rights involuntarily, listing four bases
and the best interest of the child as set out in the statute:


 The court may order termination of the parent-child relationship if the court finds by
clear and convincing evidence:


 (1) that the parent has:


 . . . ;


 (D) knowingly placed or knowingly allowed the child to remain in
conditions or surroundings which endanger the physical or emotional
well-being of the child;


 (E) engaged in conduct or knowingly placed the child with persons
who engaged in conduct which endangers the physical or emotional
well-being of the child;


 . . . ;


 (K) executed before or after the suit is filed an unrevoked or
irrevocable affidavit of relinquishment of parental rights as provided
in this chapter;


 . . . ; [or]


 (N) constructively abandoned the child who has been in the
permanent or temporary managing conservatorship of the Department
of Protective and Regulatory Services or an authorized agency for not
less than six months, and:


 (i) the department or authorized agency has made reasonable
efforts to return the child to the parent;


 (ii) the parent has not regularly visited or maintained
significant contact with the child; and


 (iii) the parent has demonstrated an inability to provide the
child with a safe environment;


 . . . ; and


 (2) that termination is in the best interest of the child.


Tex. Fam. Code Ann. § 161.001 (West Supp. 2007).

 Vallejo states that he does not intend to challenge the termination of his parental
rights and will not seek to withdraw his voluntary relinquishment. Instead, he wants this Court to
vacate the affirmative findings that his actions or inactions endangered the children because those
determinations could affect his parental rights to other children that he might one day have. See id.
§ 161.001(1)(M). He also wants the finding that termination is in A.V.'s best interest vacated.

 Vallejo offers several arguments that he asserts present a substantial question for
appeal. He contends that, because this case concerns a voluntary relinquishment, the involuntary
termination statute is inapplicable. He contends that voluntary relinquishments of parental rights are
effective on execution and are not subject to analysis regarding the best interest of the child. See
Tex. Fam. Code Ann. § 161.103 (West 2002). He contends that his voluntary relinquishment
rendered the involuntary termination proceeding moot and stripped the district court of jurisdiction
to determine whether any other grounds for involuntary relinquishment existed. He also contends
that his failure to appeal the termination on grounds that he constructively abandoned the child does
not foreclose him from appealing the findings that he engaged in particular conduct that placed
the child in danger. Additionally, Vallejo contends that the issue of whether the trial court can
involuntarily terminate the parental rights of someone who has voluntarily relinquished those rights
is not frivolous because it is not clearly resolved by statutory or case law.

 This case is an involuntary termination proceeding. Family code section 161.001
applies. Vallejo filed his voluntary relinquishment affidavit on the third day of the hearing on the
involuntary termination petition, on the same day the court signed the termination decree. No law
states that an irrevocable affidavit of voluntary relinquishment automatically terminates both parental
rights and an involuntary termination proceeding. See Tex. Fam. Code Ann. §§ 161.001, .103.
Instead, the legislature included the execution of a voluntary relinquishment affidavit among the
alternative grounds for involuntary termination with no hint that it excludes or preempts other
grounds. See Tex. Fam. Code Ann. § 161.001(1)(K). Even a voluntary relinquishment affidavit
signed before the filing of a termination suit can support involuntary termination. (1) See id. Thus,
filing an affidavit of voluntary relinquishment does not render the involuntary termination statute
inapplicable or deprive the trial court of jurisdiction by mooting any part of the proceeding.
Regardless of what general concepts of mootness might indicate, the legislature has decreed that a
voluntary relinquishment affidavit can be an element of--but is not independently sufficient to
support--an involuntary termination. The trial court is not prohibited from considering other
grounds for termination and must additionally consider whether termination is in the child's best
interest. See id. § 161.001.

 The language of the affidavit also supports the district court's finding. After
statements regarding the relinquishment of parental rights, the affidavit provides:

 

 I fully understand that a lawsuit has been filed in Travis County, to terminate forever
the parent-child relationships between me and the above-named Child. I fully
understand that the termination suit may or may not be combined with a suit to adopt
my Child. I understand that either way, once the Court terminates my parental rights,
I have no further say concerning my Child, whether or not my child [is] adopted then
or at some later time.


 . . . .


 I do not want to be informed further about the lawsuit, and I waive and give up my
rights to be given notice about anything going on in the lawsuit. I specifically agree
that a final hearing in the lawsuit may be held at a time without further notice to me.


 . . . .


 Furthermore, I do not want to be mailed or given a copy of the judgment terminating
my parental rights and do not want to be notified of the signing, rendition, or entry
of that judgment.


 . . . .


 I FULLY UNDERSTAND THAT I WILL NOT BE INFORMED FURTHER
ABOUT THE TERMINATION SUIT.


 . . . .


 Termination of the parent-child relationships between me and my Child, so that they
may be placed for adoption, is in the best interest of the Child. I understand that I
make this termination possible by executing this Affidavit.


These passages acknowledge that the termination suit has been filed and will continue
without Vallejo's involvement after the execution of the affidavit. The statement that execution
of the affidavit "make[s] the termination possible" anticipates that, despite the execution of
the affidavit, further action will be needed to effectuate the termination of parental rights. 
Although the affidavit does not alter the structure of state law, it is consistent with the interpretation
of the statutes that a voluntary relinquishment affidavit does not moot further proceedings in an
involuntary termination proceeding.

 Against this statutory and factual backdrop, we find no abuse of discretion in the
district court's determination that an appeal premised on the assertion that "[t]he District Court erred
in terminating Respondent's parental rights pursuant to Tex. Fam. Code §§ 161.001(D) and (E) when
Respondent had previously signed a valid affidavit of voluntary relinquishment of parental rights"
lacked an arguable basis in fact and law.

 This decision is not a final determination on the merits and does not foreclose Vallejo
from presenting this argument on appeal. This order only affirms the trial court's finding that the
appeal is frivolous, which denies him the right to a free record on appeal. See Tex. Civ. Prac.
& Rem. Code Ann. § 13.003; Tex. Fam. Code Ann. § 263.405(d)(3).

 Ordered April 18, 2008.



 

 G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson
1. Vallejo argues that this section is best read as being applicable only when the affiant seeks
to revoke the affidavit of voluntary relinquishment. The statute contains no indication of such a
limitation. See Tex. Fam. Code Ann. § 161.001 (West Supp. 2007 ).