Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-08-00417-CV

In the Interest of **C.C.**, a Child,

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-01351
Honorable Charles E. Montemayor, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:   October 8, 2008

AFFIRMED

Seraphin Castro appeals the trial court's determination that an appeal of the order terminating his parental rights would be frivolous.[1] *See* TEX. FAM. CODE ANN. § 263.405(g) (Vernon Supp. 2008). This court ordered the appeal to be considered on the record without briefing. *See id*.

An appeal is frivolous when it lacks arguable basis either in law or in fact. *De la Vega v. Taco Cabana*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). A trial court's determination that an appeal is frivolous is reviewed under an abuse of discretion standard. *Id*.

---

[1] The trial court also determined Castro was not indigent. We note Castro did not claim to be indigent below. *See* TEX. FAM. CODE ANN. § 263.405(e) (Vernon Supp. 2008) ("If a party claims indigency and requests the appointment of an attorney, the court shall require the person to file an affidavit of indigency and shall hear evidence to determine the issue of indigency."); *id*. § 263.405(d)(2) ("The trial court shall hold a hearing not later than the 30th day after the date the final order is signed to determine whether . . . a party's claim of indigence, if any, should be sustained."). Additionally, Castro did not file an affidavit of indigence with or before his notice of appeal. *See* TEX. R. APP. P. 20.1(c)(1). Thus, we need not review the trial court's determination of non-indigence.

Here, in his motion for new trial and statement of appellate points, Castro claimed the evidence at trial was insufficient to support the trial court's findings that he constructively abandoned his child, C.C., and that termination would be in C.C.'s best interest. *See* TEX. FAM. CODE ANN. § 263.405(i) (Vernon Supp. 2008) (limiting appellate review to issues specifically presented to the trial court in a statement of appellate points). At the hearing on Castro's motion for new trial and statement of appellate points, the trial court recalled the grounds for termination were Castro's placing C.C. in surroundings that endangered the child and Castro's failure to comply with the court's order establishing the actions necessary for the return of the child. The attorney ad litem for C.C. reminded the trial court of evidence that Castro had left C.C. in the custody of the child's mother, Castro's ex-wife, despite knowledge of her drug use. Additionally, the attorney ad litem for C.C. reminded the trial court of evidence Castro had had no contact with C.C. for at least eight years. The attorney for the Department of Family and Protective Services reminded the trial court of evidence that the service plan had been explained to Castro, and Castro had failed to perform any of the actions in the service plan.

Having reviewed the record, we conclude the trial court did not abuse its discretion in determining that an appeal of the order terminating Castro's parental rights on sufficiency grounds would be frivolous. The trial court's order is affirmed.

PER CURIAM