Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00231-CV

**IN THE INTEREST OF B.S.G.**, J.E.H., and S.D.H.

From the131st Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA-00766
Honorable Charles Montemayor, Associate Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   August 5, 2009

AFFIRMED

This is an accelerated appeal from the trial court's order terminating Nora G.'s parental rights

to the children B.S.G., J.E.H., and S.D.H. We affirm.

Following a bench trial, the trial court terminated the parent-child relationship between Nora

G. and her children, finding the evidence supported three of the statutory grounds for termination

alleged by the Texas Department of Family and Protective Services[1] and that termination was in the

---

[1] The trial court found appellant:

> [1] constructively abandoned the children who have been in the permanent or
> temporary managing conservatorship of the Department of Family and Protective
> Services or an authorized agency for not less than six months, and: (1) the
> Department or authorized agency has made reasonable efforts to return the children
> to the mother; (2) the mother has not regularly visited or maintained significant

children's best interest. Appellant timely filed an affidavit of indigence, a motion for new trial, and a statement of appellate points. *See* TEX. FAM. CODE ANN. § 263.405 (Vernon 2008). The trial court subsequently found Nora G. was indigent, denied the motion for new trial, and found the appellate points she raised are frivolous. Nora G. appealed, and we ordered her to brief the issue of whether her grounds for appeal are frivolous. Although her statement of appellate points listed five issues for appeal, she addresses only one of them in her brief – whether the evidence that termination is in the children's best interest is factually sufficient.

The trial court's finding that termination is in the children's best interest must be supported by clear and convincing evidence; that is, evidence that "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. 101.007, 161.001, 161.206(a) (Vernon 2008). We review the trial court's determination that an appeal of this issue is frivolous for abuse of discretion. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). An appeal is frivolous when it lacks an arguable basis in either law or fact. *Id.*

---

contact with the children; and (3) the mother has demonstrated an inability to provide the children with a safe environment;

[2] failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children; [and]

[3] used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the children, and (1) failed to complete a court-ordered substance abuse treatment program; or (2) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance[.]

*See* TEX. FAM. CODE ANN. § 161.001(1)(N),(O),(P) (Vernon 2008).

The evidence at trial showed the family has had a "history" with the Department since 2004. The current case was opened in September 2007, when the Department received a referral alleging drug use in Nora G.'s home. The case was transferred to Family Based Safety Services, and Nora G. agreed to participate in a drug treatment program and therapy. When Nora G. continued to use drugs and failed to comply with Family Based Safety Services to reduce the risk to her children, the Department filed a petition for termination of her rights. During the sixteen months preceding trial, Nora G. had not made any progress dealing with her drug abuse issues. She tested positive for illegal substances on five occasions, including the morning of trial, and did not appear for several requested drug tests. Although she completed an inpatient drug treatment program, she did not complete the outpatient portion of the program.

Nora G. testified she suffers health problems that affect her memory and cause her to "black out." She was diagnosed as bipolar, but testified she does not believe the diagnosis. Although she acknowledges cocaine use is illegal and she should not use it, she stated she uses cocaine because it makes the pain go away. Nora G.'s service plan required her to participate in counseling, but she stopped going to her appointments.

Nora G. does not work and has not paid court-ordered child support. Her housing, food, and other expenses are paid for by her family. One of her children has significant mental health issues, which Nora G. has not demonstrated she understands or is able to cope with such that his needs can be met.

The family's Department caseworker testified Nora G. is not capable of meeting her own needs or of providing a safe and stable home for the children. The Department has offered all available services to Nora G., but there is no indication Nora G. will change her behavior.

Nora G. argues termination is not in the children's best interest because she has a strong bond with her children and they would benefit from continued contact with her. Although there is evidence of a bond between Nora G. and her children, her own actions have prevented her from having contact with the children. She had not seen the children for more than three months before trial because she had not passed a drug test. Nora G. also contends termination is not in the children's best interest because they are not likely candidates for adoption. However, there is nothing in the record supporting this contention.

After reviewing all of the evidence, we hold a reasonable factfinder could have formed a firm belief or conviction that termination of Nora G.'s parental rights is in the children's best interest. Accordingly, the trial court did not abuse its discretion in finding Nora G.'s factual sufficiency point frivolous, and we affirm its judgment.

Steven C. Hilbig, Justice