Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00158-CV

**IN THE INTEREST OF M.A.M.**, M.S., A.R.S., and A.N.S.

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-01778
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:    August 19, 2009

AFFIRMED

This is an accelerated appeal concerning the trial court's termination of Appellant Phillip S.'s parental rights.[1] Phillip S. appeals the trial court's order denying his motion for new trial and finding his appellate points to be frivolous. We affirm.

## BACKGROUND

On April 6, 2007, the Texas Department of Family and Protective Services received a referral alleging that M.A.M. had been physically abused by his grandmother. Family preservation services

---

[1] To protect the privacy of the parties in this case, we identify the children by their initials and the parents by their first names only. *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2009).

were offered to the mother, but after several attempts to locate her failed, a safety plan could not be maintained. Therefore, on August 14, 2007, M.A.M., M.S., A.R.S., and A.N.S. were removed from their home, and the Department was appointed temporary managing conservator of the children. The Department then began proceedings to obtain managing conservatorship of the children and to terminate the parental rights of their respective parents. On October 16, 2007, after Phillip S. admitted paternity of M.S., A.R.S., and A.N.S., the trial court made a judicial finding that he is the father of M.S., A.R.S., and A.N.S. The court found that Phillip S. had not reviewed the service plan. It then approved and adopted the permanency plans and recommendations for the children as set out in the service plans filed with the court, and advised the parents that progress under the service plan would be reviewed at all subsequent hearings, "including a review of whether the parties ha[d] acquired or learned any specific skills or knowledge stated in the service plan." The trial court then notified the parties that the initial permanency hearing was set for February 12, 2007, and that the case was set for a non-jury merits hearing on June 19, 2008.

The service plan required Philip S. to (1) complete parenting classes; (2) pay court-ordered child support; (3) submit to drug testing; (4) have a psychological evaluation and follow any recommendations; (5) build a positive support system consisting of appropriate friends, family, and community resources; (6) remain in contact with the Department; (7) obtain and maintain stable housing that is safe and appropriate for his children; (8) actively participate in individual counseling and follow any recommendations; (9) obtain gainful, legal employment; (10) complete a substance abuse assessment and follow all recommendations, including in-patient if deemed necessary; (11) attend the Patrician Movement; and (12) participate in regular parent/child visits, which were dependent on submission of random and negative/clean urinalyses.

On October 16, 2007, Phillip S.'s submitted to a urinalysis and noted that he had taken methadone in the past thirty days. The urinalysis showed a positive result for cannabinoids.

On January 16, 2008, the Department filed a Permanency Plan and Permanency Progress Report, which noted that Phillip S. had begun engaging in services. Phillip S. had submitted to random drug testing, had attended parent/child visits, had obtained legal employment, had begun receiving drug treatment, and had established his own residence. The Department's permanency goal for the children was noted as "family reunification" and the concurrent plan was noted as "unrelated/related adoption."

On February 12, 2008, the trial court held a permanency hearing at which Phillip S. appeared through his attorney and announced ready. The trial court found that the Department had made "reasonable efforts, as identified in its service plans and/or Permanency Progress Reports, to finalize the permanency plan that is in effect for each child." The trial court evaluated the parties' compliance with the service plan and found that Phillip S. had "not demonstrated adequate and appropriate compliance with the service plan." The trial court set a permanency hearing for June 17, 2008, and set the suit for trial on June 19, 2008.

Also on February 12, 2008, Phillip S. submitted to another urinalysis. He again noted that he was taking methadone. His urinalysis was negative for other drugs.

On June 11, 2008, the Department filed another Permanency Plan and Permanency Progress Report and stated that Phillip S. had begun engaging in services. He had submitted to random drug testing, attended parent/child visits, obtained legal employment, was engaging in parenting classes, had built a positive support system, had established his own residence, and was receiving drug treatment, counseling, and parent shadowing. The Department stated that there had been some

progress made in alleviating or mitigating the reason for the children's removal. Thus, the Department stated that its permanency goal for the children was family reunification and that its concurrent plan for the children was unrelated/related adoption.

On June 17, 2008, the trial court held a permanency hearing at which Phillip S. appeared in person and though his attorney and announced ready. The trial court found that Phillip S. had demonstrated adequate and appropriate compliance with the service plan. The trial court then set the next permanency hearing for October 14, 2008, and set trial for October 16, 2008.

On September 30, 2008, the Department filed a Permanency Plan and Permanency Progress Report, noting that Phillip S. had begun engaging in services. Phillip S. had attended parent/child visits, obtained legal employment, had engaged in parenting classes, had built a positive support system, had established his own residence, and had received drug treatment, counseling, and parent shadowing. However, "[h]e ha[d] stopped drug testing as of 8/19/08, levels of methadone are not decreasing, and contact has ceased." The Department then listed its permanency goal as unrelated family adoption.

On October 14, 2008, the trial court held a permanency hearing at which Phillip S. appeared through his attorney and announced not ready. The trial court found that Phillip S. had not demonstrated adequate and appropriate compliance with the service plan. The trial court then set trial for January 26, 2009.

On January 26, 2009, neither Phillip S. nor his counsel appeared for trial. The trial court found by clear and convincing evidence that termination of the parent-child relationship between Phillip S. and M.S., A.R.S. and A.N.S. was in the children's best interest and that Phillip S. had

(a)        constructively abandoned the children who ha[d] been in the permanent and temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency ha[d] made reasonable efforts to return the children to the father; (2) the father ha[d] not regularly visited or maintained significant contact with the children; and (3) the father ha[d] demonstrated an inability to provide the children with a safe environment; and

(b)        failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the children who ha[d] been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children.

The trial court then terminated the parent-child relationship between Phillip S. and M.S., A.R.S., and A.N.S.

On February 9, 2009, Phillip S. filed a motion for new trial, stating that neither he nor his attorney had appeared at trial due to accident or mistake: his attorney's computer had failed to properly calendar the setting. Phillip S. also argued that he had a meritorious defense and that because he was prepared to go to trial immediately, granting a new trial would not harm the Department. He then listed his appellate points, which included a point arguing that if the trial court denied his motion for new trial, it would be abusing its discretion.

At the hearing on the motion for new trial, the trial court found that Phillip S. and his attorney had not appeared at trial because of accident or mistake. However, the trial court expressed concern that Phillip S. had not set up a meritorious defense because he was still on methadone. The trial court took the matter under advisement and on February 24, 2009, signed an order denying the motion for new trial and finding Phillip S.'s appellate points to be frivolous. In its order, the trial court found

that Phillip S. had met his burden in showing accident or mistake, but had not met the other two prongs of the *Craddock* motion-for-new-trial standard.

Phillip S. now appeals, arguing that his appeal is not frivolous because the trial court abused its discretion in denying his motion for new trial.

DISCUSSION

A trial court may order the termination of the parent-child relationship if it finds by clear and convincing evidence at least one statutory ground for termination and that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (Vernon 2009). When appeal is sought from an order terminating the parent-child relationship pursuant to chapter 263, subchapter E, of the Texas Family Code, the trial court must also determine whether the appeal is frivolous as provided by section 13.003(b) of the Texas Civil Practice and Remedies Code. *See* TEX. FAM. CODE ANN. § 263.405(d). An appeal is frivolous when it lacks an arguable basis in either law or fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). In deciding whether an appeal is frivolous, the trial court "may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002). We review the trial court's determination that the appeal is frivolous under an abuse of discretion standard. *De La Vega*, 974 S.W.2d at 154.

Here, Phillip S. argues that an appeal challenging the trial court's failure to grant his motion for new trial is not frivolous. We disagree.

Pursuant to *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), where a defendant had proper notice, a default judgment should be set aside and a new trial granted if (1) the failure to answer or appear at trial was not intentional or the result of conscious

indifference but was due to a mistake or accident; (2) the defendant sets up a meritorious defense; and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *In re R.R.*, 209 S.W.3d 112, 114-15 (Tex. 2006). The Texas Supreme Court has applied the *Craddock* motion-for-new-trial standard to parental termination cases. *See id.*

The trial court found that Phillip S. had met the first prong under *Craddock*, but that he had failed to meet the other two prongs.

With regard to the second prong, a defendant "sets up" a meritorious defense pursuant to *Craddock* if the movant's motion and supporting affidavits set forth facts that in law constitute a meritorious defense, regardless of whether those facts are controverted. *In re R.R.*, 209 S.W.3d at 116. Here, the trial court found by clear and convincing evidence that there were two statutory grounds for terminating Phillip S.'s parental rights: (1) constructive abandonment of his children while they were in the permanent or temporary managing conservatorship of the Department, *see* TEX. FAM. CODE ANN. § 161.001(1)(N) (Vernon 2009); and (2) failure to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of his children, *see id.* § 161.001(1)(O). The trial court also found that termination was in the children's best interest. *See id.* § 161.001(2).

> Phillip S. attached to his motion for new trial an affidavit in which he affirmed the following:
>
> At one time, I was a heroin addict. I voluntarily entered treatment for my addiction. My treatment has been successful and is continuing. I am currently a patient of STOP SA, LLC clinic. My treatment includes methadone maintenance, regular doctor's appointments, and monthly lab tests. I have been compliant with all aspects of my treatment, and I am decreasing my methadone dose under a doctor's supervision.
>
> While I was undergoing treatment, I met Joy Pennex, who was also a patient. We fell in love and got married, and are living together happily. Joy has also been undergoing treatment for heroin addiction, and she is fully compliant with her treatment.

Joy and I have become members of the congregation of Northwest Church of Christ. The church community has welcomed us into their hearts and its members are fully supportive of our efforts to change our lifestyle and live a clean, decent life. They have provided us with a financial advisor to help us manage our finances, and have assisted me in finding work. I now have a clean, decent home that has ample room for my entire family, including the children subject of this suit.

I have worked for Darrell Martin in the home repair and improvement business, and both Joy and I are now working for IHOP at $9.00 per hour.

Joy and I both signed a Family Service Plan in this case. We have completed all of the tasks assigned to us except attending parenting classes. The reason we have not yet taken parenting classes is that I understood Judge Montemayor to say at the last hearing I attended that, since the Department intended to put the children in our home for home visits, we should see how those visits went before deciding on parenting classes.

Joy and I love the children very much and will do anything in our power to keep them with us in a healthy, loving, and decent home.

In his affidavit, Phillip S. admits that he is still taking methadone and is not completely drug free. At the motion for new trial hearing, the attorney for the children explained that one of the reasons trial was reset for January was so Phillip S. could completely stop using drugs, including methadone. The attorney for the children stated, "I'm interested in someone being drug free and that's what I'm interested in. I'm interested in being drug free, not being on a legal substitute for heroin." The trial court then stated the following:

That's always been the standard of the Court, rightly or wrongly. But to be honest with you, I've had people do the methadone treatment, and given the quick deadlines we have set forth by the legislature, the one-year or even the 18-month people have done it and gotten off to zero. I can – I can think of a handful of cases where we've gone from high level of methadone to zero within the time frame of the pendency of the case.

Thus, while Phillip S.'s affidavit affirms that he is currently undergoing drug treatment, it does not affirm that he has been successful *in completing* drug treatment and becoming drug free.

Further, Phillip S.'s affidavit admits that he failed to comply with the service plan by failing to complete parenting classes. Thus, Phillip S. did not set up a meritorious defense.

We, therefore, hold that the trial court did not abuse its discretion in finding Phillip S.'s appellate point regarding the denial of his motion for new trial to be frivolous.

## CONCLUSION

We affirm the judgment of the trial court.


Karen Angelini, Justice