*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★        ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00370-CV

In the **INTEREST OF D.M.D.** and M.A.H., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA-00891
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: December 16, 2009

AFFIRMED

The trial court terminated the parent-child relationship between A.T.G. and the children, D.M.D. and M.A.H. A.T.G. appeals the judgment and the trial court's order finding her appellate points to be frivolous. We affirm.

### BACKGROUND

Child Protective Services received a referral in November 2006, alleging physical abuse and neglectful supervision of the children by their mother, A.T.G. After an investigator found "reason to believe" the allegations, a caseworker completed an assessment and recommended a variety of services to the family. Although the family completed some of the recommended services, in

February 2008, two therapists working with the family reported A.T.G. was no longer in compliance and demonstrated a lack of willingness to engage in services designed to address her drug use and anger issues. The caseworker concluded A.T.G. was unable to provide a safe and secure environment for her children. The Texas Department of Family and Protective Services filed suit seeking temporary managing conservatorship of the two children, and on May 6, 2008, the trial court signed an emergency order placing the children with the Department. After an adversary hearing on May 13, 2008, the court signed temporary orders naming the Department temporary managing conservator of the children and A.T.G. temporary possessory conservator, with limited access to and possession of the children. The order allowed A.T.G. supervised visitation with the children two times per month, contingent on "clean UA's or with lowering levels of THC."

When the case was called for trial on May 26, 2009, A.T.G. failed to appear. After hearing the evidence, the trial court terminated A.T.G.'s parental rights, finding by clear and convincing evidence:

> (1) termination of the parent-child relationship between [A.T.G.] and the children . . . is in the children's best interest;
>
> (2) [A.T.G.] constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the Department . . . for not less than six months and: (1) the Department . . . has made reasonable efforts to return the children to the mother; (2) the mother has not regularly visited or maintained significant contact with the children; and (3) the mother has demonstrated an inability to provide the children with a safe environment; and
>
> (3) [A.T.G.] failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department . . . for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children.

*See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O); (2) (Vernon Supp. 2009). A.T.G. filed an affidavit of indigency, a motion for new trial, and a statement of appellate points. *See* TEX. FAM. CODE ANN. §263.405(b) (Vernon 2009). The trial court held a hearing at which A.T.G. again failed to appear. No testimony was presented and no part of the trial record was presented. However, counsel for the Department stated that during the trial, the court had taken judicial notice of the affidavits on file in the clerk's record, which set out the plan of services and A.T.G.'s failure to comply. At the conclusion of the hearing, the trial court found A.T.G. is indigent, denied her motion for new trial, and found her appellate points frivolous. *See id.* § 263.405(d). A.T.G. timely appealed.

## DISCUSSION

When appeal is sought from an order terminating the parent-child relationship pursuant to chapter 263, subchapter E, of the Texas Family Code, the trial court must determine whether "the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code." *Id.* An appeal is frivolous when it lacks an arguable basis in either law or fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). We review the trial court's determination that the appeal is frivolous under an abuse of discretion standard. *Id.* A.T.G. contends the trial court abused its discretion by finding her appellate issues are frivolous.

A.T.G. first argues she should be allowed to appeal the legal and factual sufficiency of the evidence supporting the statutory grounds for termination. She contends the evidence is insufficient to support termination under section 161.001(1)(N) of the Family Code because "Appellant did in fact visit her children during the periods in which she was not incarcerated." A.T.G. was incarcerated from some time in November 2008 until March 9, 2009. At the hearing on the motion

for new trial, A.T.G.'s attorney stated the caseworker testified at trial that A.T.G. visited the children when she was not in jail. The Department's attorney disputed counsel's rendition of the evidence. Although no evidence of the caseworker's testimony was presented at the motion for new trial hearing, the caseworker's sworn permanency plan and progress reports, dated October 20, 2008 and February 20, 2009, state A.T.G. had not participated in any parent/child visits at the Department.[1]

A.T.G. also contends the evidence is legally and factually insufficient to support termination under section 161.001(1)(N) of the Family Code because "Appellant completed several items on her family service plan." The only basis for this assertion is counsel's statement at the motion for new trial hearing that his client told him she did perform some items on the service plan. The Department disputed the statement and argued the trial evidence demonstrated A.T.G. did not complete any item on the service plan, other than signing it. This is consistent with the caseworker's sworn permanency plan and progress reports in the clerk's records. A.T.G. did not present any arguable basis in fact or law for her legal and factual insufficiency points; therefore, the trial court did not abuse its discretion by finding these appellate points frivolous.

A.T.G. next seeks to appeal on the ground "[t]he trial court violated [her] due process rights by using §161.001(1)(O) as a ground for termination of [her] parental rights." A.T.G.'s brief contains no argument or authority explaining how her right to due process was allegedly violated or how there is an arguable basis in the record for her position.[2] By failing to adequately brief this

---

[1] A document in the clerk's record entitled "Judge's Notes" and dated May 26, 2009, the date of the trial, contains a handwritten notation stating "kids have not seen mom for over one year."

[2] A.T.G. likewise did not articulate any legal or factual basis for this contention in the trial court, either in her pleadings or at the hearing on her motion for new trial.

point, A.T.G. has waived it. *See* TEX. R. APP. P. 38.1(I); *Eastin v. Dial*, 288 S.W.3d 491, 501 (Tex. App.—San Antonio 2009, pet. denied); *Gardner v. Gardner*, 229 S.W.3d 747, 756 (Tex. App.—San Antonio 2007, no pet.).

Finally, A.T.G. contends she should be allowed to appeal the denial of her motion for new trial on the ground that her failure to appear at trial was not intentional, and may have been the result of ineffective assistance of counsel. However, because A.T.G. did not present any evidence at the hearing on the motion for new trial to support her contention, the trial court did not abuse its discretion in finding her appeal of this issue to be frivolous.

The trial court did not abuse its discretion in finding A.T.G.'s appellate points frivolous, and we affirm that court's judgment.

Steven C. Hilbig, Justice