



## MEMORANDUM OPINION

No. 04-09-00565-CV

Kristofer Thomas **KASTNER**,
Appellant/Cross-Appellee

v.

**MARTIN, DROUGHT & TORRES, INC.**, et al.,
Appellees/Cross-Appellants

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-06774
Honorable Andy Mireles, Judge Presiding[1]

PER CURIAM

Sitting:        Phylis J. Speedlin, Justice
                  Rebecca Simmons, Justice
                  Steven C. Hilbig, Justice

Delivered and Filed:  July 21, 2010

REVERSED AND RENDERED

In this cross-appeal, Martin, Drought & Torres, Inc., Gerald T. Drought, and Dain A.

Dreyer (collectively "Martin & Drought") appeal the trial court's order determining that the

appeal by Kristofer Thomas Kastner is not frivolous and denying Martin & Drought's motion to

deny Kastner a free appellate record. This court ordered the parties to file briefs relating to the

---

[1] The Honorable Antonia Arteaga is the presiding judge of the 407th Judicial District Court, Bexar County, Texas. The Honorable Andy Mireles signed the order dated October 21, 2009 finding the appeal not frivolous and denying the motion to deny a free appellate record.

cross-appeal and abated all other appellate deadlines. We reverse the trial court's order and render judgment that Kastner's appeal is frivolous.

## BACKGROUND

After the Texas Board of Legal Examiners ("Board") determined that Kastner was not fit for admission to the Texas Bar, Kastner retained Martin & Drought to represent him before the Board in seeking reconsideration of his application for admission. After a hearing on Kastner's motion to reconsider in November of 1999, the Board issued an order confirming its prior decision.

In August of 2006, Kastner sued Martin & Drought for legal malpractice and breach of fiduciary duty (*Kastner I*). The trial court granted a no evidence summary judgment in favor of Martin & Drought. This court affirmed the trial court's summary judgment, holding Kastner's suit was barred by limitations and Kastner failed to present any requisite expert testimony on his claims for professional negligence and breach of fiduciary duty. *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2009 WL 260601 (Tex. App.—San Antonio Feb. 4, 2009, pet. denied) (mem. op.).

In August of 2008, Kastner subsequently filed a second lawsuit against Martin & Drought, alleging the same claims but adding an additional defendant (*Kastner II*). *See Kastner v. Martin & Drought, P.C.*, No. 04-08-00779-CV, 2009 WL 618698, at *3 (Tex. App.—San Antonio Mar. 11, 2009, pet. denied) (mem. op.), *cert. denied*, *Kastner v. Martin, Drought & Torres*, 176 L.Ed.2d 570 (2010). The trial court granted a take nothing summary judgment based on res judicata and found an appeal of its judgment would be frivolous. *See id*. This court affirmed the trial court's order, holding "There is nothing in the record or the briefs that would warrant our finding an abuse of discretion by the trial court with regard to its finding the appeal

frivolous." *Id*. In addition to affirming the frivolous finding, we also affirmed the trial court's order sustaining contests to Kastner's affidavit of inability to pay. *Id.* at *1-3. Accordingly, we ordered Kastner to pay the filing fee for the appeal. *Id*. at *3. Because Kastner failed to pay the filing fee, his appeal was dismissed for want of prosecution. *See Kastner v. Martin & Drought, P.C.*, No. 04-08-00779-CV, 2009 WL 962528 (Tex. App.—San Antonio Apr. 8, 2009, pet. denied) (mem. op.), *cert. denied, Kastner v. Martin, Drought & Torres*, 176 L.Ed.2d 570 (2010).

In April of 2009, Kastner filed the underlying lawsuit which again alleges claims against Martin & Drought relating to the legal services provided to Kastner in representing him before the Board (*Kastner III*). Martin & Drought filed a motion to declare Kastner a vexatious litigant. The trial court granted the motion and declared Kastner to be a vexatious litigant. The trial court further ordered Kastner to furnish security for Martin & Drought's costs and attorney's fee or his lawsuit would be dismissed. Finally, the trial court's order prohibited Kastner from filing any further litigation against Martin & Drought unless he secured the permission of the local administrative judge prior to filing. Kastner filed the instant appeal challenging the trial court's order.

Martin & Drought filed a motion in the trial court, requesting the trial court to declare Kastner's appeal frivolous pursuant to section 13.003 of the Texas Civil Practice and Remedies Code. The trial court denied the motion, and Martin & Drought appeal.

## DISCUSSION

In determining whether an appeal is frivolous, the trial court may consider whether the appellant has presented a substantial question for appellate review. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(c) (Vernon 2002). A proceeding is frivolous when it lacks an arguable basis either in law or in fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex.

App.—San Antonio 1998, order). We review a trial court's determination of whether an appeal is frivolous under an abuse of discretion standard. *Id.* A trial court abuses its discretion if it acts without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The trial court's ruling in this case does not appear to be based on a determination of whether the appeal lacked an arguable basis either in law or fact or presented a substantial question for appellate review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(c); *De La Vega*, 974 S.W.2d at 154. Instead, the trial court's decision appears to be based on its belief that "people have a right to appeal" and because "the Court of Appeals has not stated that [Kastner] can't come back to Court." The trial court appeared to believe it was only required "to determine whether [Kastner] needed a record to go up on appeal." The trial court concluded, "I don't think the issue of frivolity by Judge Peden or Judge Arteaga is frivolous in the sense that it can't be tested by the Appellate Court. To not give him a record of those things would disallow the Court of Appeals to make that determination of whether it is, in fact, frivolous. Because that's not been determined by the Court of Appeals yet." Based on these statements, it does not appear that that the trial court acted in reference to the guiding rules and principles for determining whether an appeal is frivolous, i.e., whether the appeal lacks an arguable basis either in law or fact or fails to present a substantial question for appellate review. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(c); *De La Vega*, 974 S.W.2d at 154.

"A court may find a plaintiff [to be] a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that: … (2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either: (A) the validity of the

determination against the same defendant as to whom the litigation was finally determined; or (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined." TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(2) (Vernon 2002). At the hearing on whether the appeal of the trial court's order finding Kastner to be a vexatious litigant would be frivolous, Martin & Drought admitted into evidence the pleadings in *Kastner I* and *Kastner II*, the trial court's summary judgments in those lawsuits, and this court's opinions disposing of the appeals of those judgments. Martin & Drought also introduced into evidence the petition filed by Kastner in the underlying cause which pled claims arising out of the same facts alleged in *Kastner I* and *Kastner II*. Finally, Martin & Drought introduced into evidence the trial court's findings of fact and conclusions of law in support of its order finding that Kastner was a vexatious litigant. In its findings, the trial court initially recited the procedural history of the three lawsuits. The trial court then found that the claims in *Kastner III* "arise out of the same facts and transactions" alleged in *Kastner I* and *Kastner II*. The trial court also found that Kastner was relitigating or attempting to relitigate, "in propria persona, the causes of actions, claims, controversies, and issues of fact or law determined or concluded by a final determination against the same Defendants as to whom litigation was finally determined in" *Kastner I* and *Kastner II*. Moreover, the trial court found that Kastner was attempting to relitigate, in propria persona, the validity of the determinations in *Kastner I* and *Kastner II* against the same defendants as to whom the litigation was finally determined. Finally, the trial court concluded that Kastner did not have a reasonable probability of prevailing against Martin & Drought in *Kastner III*. Based on the evidence presented, we hold the trial court abused its discretion in finding Kastner's appeal not frivolous because the evidence conclusively

established that an appeal of the trial court's order lacked an arguable basis and such an appeal would not present a substantial question for appellate review.  TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(c); *De La Vega*, 974 S.W.2d at 154.

## CONCLUSION

The trial court's order is reversed.  Judgment is rendered that the appeal by Kastner is frivolous.  Kastner is therefore ordered to pay the costs for the preparation of the reporter's record.

PER CURIAM