Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00747-CV

**IN THE INTEREST OF E.M.C.G.**, a Child

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-00760
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  May 25, 2011

AFFIRMED

The trial court terminated the parent-child relationship between appellant David Wayne Griffith and E.M.C.G. Griffith appeals the judgment and the trial court's order finding his appellate points to be frivolous. We affirm.

## BACKGROUND

The Department of Family and Protective Services filed a petition in April 2009, seeking termination of parental rights as to three children. Appellant is the father of one of the children. After a non-jury trial in September 2010, the trial court terminated the mother's parental rights as to all three children and terminated Griffith's parental rights as to E.M.C.G. The court found the evidence established by clear and convincing evidence:

> (1) termination of the parent-child relationship between [Griffith] and the child . . . is in the child's best interest;
>
> (2) [Griffith] constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department . . . for not less than six months and: (1) the Department . . . has made reasonable efforts to return the child to the father; (2) the father has not regularly visited or maintained significant contact with the child; and (3) the father has demonstrated an inability to provide the child with a safe environment; and
>
> (3) [Griffith] failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department . . . for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

*See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O); (2) (West Supp. 2010). Griffith filed a motion for new trial and a statement of appellate points in which he challenged the legal and factual sufficiency of the evidence to support the above three findings. *See* TEX. FAM. CODE ANN. § 263.405(b) (West 2008). Neither party presented any evidence or summary of the trial testimony at the hearing on the motion for new trial. At the conclusion of the hearing, the trial court found Griffith was indigent, denied his motion for new trial, and found his appellate points frivolous. *See id.* § 263.405(d). Griffith timely appealed.

## DISCUSSION

When appeal is sought from an order terminating the parent-child relationship pursuant to chapter 263, subchapter E, of the Texas Family Code, the trial court must determine whether "the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code." *Id.* An appeal is frivolous when it lacks an arguable basis in either law or fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). We review the trial court's determination that the appeal is frivolous under an abuse of discretion standard. *Id.*

The affidavit accompanying the Department's April 2009 original petition recites that the children's mother had previous suicide attempts for which she received no treatment and she used illegal drugs. In addition, the Department found the home to be filthy, with trash throughout and dirty clothes and feces on the floor. The mother had an earlier referral to the Department for physical neglect and had closed cases in Nevada and Arizona for physical abuse and neglectful supervision. When the petition was filed, the mother told the Department she did not know where Griffith was. The record indicates Griffith, who lives in Nevada, became aware of the proceedings and that his daughter was in the Department's custody in June or July of 2009. He signed a family service plan on July 14, 2009. It appears Griffith had periodic telephone conversations with E.M.C.G. while the case was pending and Griffith appeared at several status conferences and at trial by telephone. However, Griffith did not travel to Texas at any time while the case was pending and had no in-person contact with his daughter. In his pleadings, he conceded that the last time he had any in-person contact with E.M.C.G. was in 2002, when the child was one year old. According to Griffith, the mother took the child and left Nevada, and he did not know their whereabouts.

The record indicates Griffith completed several parenting classes, but did not complete the other requirements of the family plan of services ordered by the court. The Department is not able to pay for services outside the state of Texas, and Griffith asserted that although he located services in Nevada, he could not afford them and could not travel to Texas to obtain services. Finally, Griffith admitted he was unable to provide a home for E.M.C.G. At the time of the judgment, no related person who could provide a suitable and safe home for E.M.C.G. had been located and approved.

Griffith does not dispute that he failed to comply with the family plan of service ordered by the court. Rather, he appears to contend he should not be required to fully comply because he is indigent and lives out of state where the Department is unable to pay for the required classes. However, Griffith challenges only the sufficiency of the evidence to support the trial court's finding that he did not comply with the court ordered plan. Griffith did not argue in the trial court and did not assert in his statement of appellate points that section 161.001(1)(O) should not be applied to him as written. Moreover, Griffith did not present any evidence at the motion for new trial hearing of what efforts he made to comply with the plan or that his failure to comply was due to indigence.

Griffith next contends that termination under section 161.001(1)(O) requires proof that the children were removed from their mother for abuse or neglect and that "the record is unclear" whether abuse or neglect was proven. The judgment recites the trial court's finding by clear and convincing evidence that the child was in the Department's conservatorship "as a result of the child's removal from the parent . . . for the abuse or neglect of the child." Griffith does not cite to any evidence that would contradict this finding, and the finding is consistent with the Department's affidavit accompanying the original petition.

Griffith argues he should not be found to have abandoned the child because the mother left Nevada without notifying him and he did not know where they were. However, at the hearing on the motion for new trial, the trial court stated its finding of abandonment was based on Griffith's conduct after the case began — his failure to have any in-person contact with E.M.C.G. for over a year after Griffith knew exactly where she was and Griffith's failure to secure a safe and adequate home for her.

The trial court stated Griffith had been advised at the beginning of the case he would need to make "a real, tangible in-person investment" in Texas and his child. The court was sympathetic to Griffith's financial concerns and the fact that the child and her mother had "disappeared," but told Griffith, "once you know where they are, sitting right here and your parental rights are at stake; there's no more mystery, you need to show up." Griffith failed to "show up" and the trial court concluded termination of Griffith's parental rights was in the child's best interest.

Griffith has not brought forward any arguable legal or factual basis for contending the trial court erred in terminating his parental rights. Accordingly, the trial court did not abuse its discretion in concluding Griffith's appellate points are frivolous.

The trial court's judgment is affirmed.

Steven C. Hilbig, Justice