



## OPINION

No. 04-10-00898-CV

**IN THE INTEREST OF A.V.**, a Child

From the 365th Judicial District Court, Dimmit County, Texas
Trial Court No. 08-08-10851-DCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  July 13, 2011

AFFIRMED

Following a bench trial, the trial court signed a final order terminating appellant's parental rights to his child, A.V., and appointing the Department of Family and Protective Services as permanent managing conservator.[1]  After a hearing on appellant's motion for new trial and statement of appellate points, the trial court also found appellant's appeal to be frivolous and denied his motion for new trial.  On appeal, appellant challenges the trial court's jurisdiction regarding its indigence and frivolousness findings.  He also prays for remand because the judge presiding at trial should have disqualified or recused himself.  We affirm the trial court's orders.

---

[1] The final order also terminated A.V.'s mother's parental rights, but the mother is not a party to this appeal.

**JURISDICTION**

**A. Procedural History**

The trial court signed its final order on October 7, 2010, and appellant timely filed a motion for new trial and statement of appellate points on October 22, 2010. On November 19, 2010, the trial court held a hearing on appellant's motion for new trial and statement of appellate points. On November 24, 2010, the trial court signed its Order Under § 263.405 of the Texas Family Code, stating that it was denying appellant's "claim of indigence"[2] and motion for new trial and determining his appeal to be frivolous.

**B. Standard of Review**

Subject matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *In re K.Y.*, 273 S.W.3d 703, 706 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "Subject matter jurisdiction is an issue that may be raised for the first time on appeal . . . ." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

**C. Trial Court's Untimely Hearing**

Appellant contends that the trial court lacked plenary power to find him not indigent and his appeal frivolous in its section 263.405 order. He bases his contention on the requirements that a trial court must "hold a hearing not later than the 30th day after the date the final order is signed to determine whether . . . the appeal is frivolous." *See* TEX. FAM. CODE ANN. § 263.405(d) (West 2008). Moreover, appellant argues that a trial court must consider an appellant to be indigent if the trial court fails to render a written order denying the appellant's claim of indigence within thirty-six days of signing its final order. *See id.* § 263.405(e).

---

[2] Although the final order states that the "claim of indigence of [appellant] should not be sustained," the record reflects that appellant failed to file an affidavit of indigence or to seek a finding of indigence.

**D. Plenary Power Under Section 263.405**

Ordinarily, "[a] trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment." *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (citing TEX. R. CIV. P. 329b(d)). "During this time, the trial court has plenary power to change its judgment." *Id.* "[T]he [timely] filing of a motion for new trial . . . within the initial thirty-day period extends the trial court's jurisdiction over its judgment up to an additional seventy-five days, depending on when or whether the court acts on the motions." *Id.* (citations omitted). "The Family Code . . . does not purport to eliminate post-trial motions or otherwise constrict the trial court's plenary power." *In re J.L.*, 163 S.W.3d 79, 82 (Tex. 2005) (noting that a timely filed motion for new trial under section 263.405 "extended the trial court's plenary power"); *see also In re M.N.*, 262 S.W.3d 799, 803 (Tex. 2008) ("In construing the procedural provisions of section 263.405, we keep in mind that the Legislature adopted it in light of the rules of civil and appellate procedure providing for extensions of deadlines under certain circumstances.").

Here, appellant's timely filing of his motion for new trial and statement of appellate points extended the trial court's plenary power beyond November 24, when the trial court rendered its section 263.405 order. *See* TEX. R. CIV. P. 329b(e); *In re J.L.*, 163 S.W.3d at 82. Although the hearing was not held within the thirty days required by section 263.405, the trial court had jurisdiction when it determined that appellant's appeal was frivolous. *See In re J.L.*, 163 S.W.3d at 82.

**FRIVOLOUS APPEAL**

Because we hold the trial court had jurisdiction to find appellant's appeal frivolous, we turn to the appellant's challenge to the trial court's finding. After reviewing appellant's motion

for new trial and statement of appellate points, the trial court found appellant's appeal to be frivolous.[3] Although appellant raised fourteen appellate points before the trial court, the only point appellant raises on appeal is that the presiding judge failed to disqualify or recuse himself.

## A. Standard of Review

"[If a] trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding." *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.) (citing TEX. FAM. CODE ANN. § 263.405(g) (West 2008)). "In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (West 2002); *see* TEX. FAM. CODE ANN. § 263.405(d)(3) (West 2008).

We review a trial court's frivolousness finding under an abuse of discretion standard. *In re K.D.*, 202 S.W.3d at 866. "A trial [court] abuses [its] discretion if [it] acts without reference to any guiding rules and principles," or acts arbitrarily and unreasonably under the circumstances. *See In re H.R.*, 87 S.W.3d 691, 702 (Tex. App.—San Antonio 2002, no pet.).

## B. Disqualification

Appellant argues that the presiding judge should have disqualified himself because of his familial relationship with the Department's caseworker who prepared the case for trial. He also argues that the presiding judge abused his discretion by not referring appellant's oral recusal motion to another judge. We note that neither a motion to recuse nor a motion to disqualify was filed, and we do not have any record of the precise basis of the recusal motion argued at trial.[4]

---

[3] The appellant did not present any evidence at the hearing. The Department submitted evidence urging the trial court to find the appeal frivolous. Because only one of the appellate points was presented on appeal, the remaining points are waived and will not be addressed. *See* TEX. R. APP. P. 38.1(f); *In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.).

[4] We note that unlike recusal, an argument that a trial judge is constitutionally disqualified cannot be waived and may be raised at any point in the proceeding. *See Bank of Tex., N.A. v. Mexia*, 135 S.W.3d 356, 360–61(Tex.

We first address the disqualification issue. Evidence from the section 263.405 hearing reflects that the presiding judge and the Department's caseworker, Daniel Moreno, who was a witness in the case, were second cousins. Judges have a duty to disqualify themselves if "either of the parties may be related to them by affinity or consanguinity within the third degree." TEX. R. CIV. P. 18b(1)(c); *see* TEX. CONST. art. V, § 11 (prohibiting a judge from sitting on a case if the judge is connected with either party by affinity or consanguinity "within such a degree as may be prescribed by law"); TEX. GOV'T CODE ANN. § 573.023 (West 2004) (providing methods for determining degrees of consanguinity). Because Moreno is neither a party to this case nor related to the presiding judge by affinity or consanguinity within the third degree, we cannot say that the trial court abused its discretion in finding that appellant's disqualification issue on appeal would be frivolous.

## C. Recusal

In addition to his disqualification point, appellant argues that he made an oral motion to recuse based on the trial court's ex parte contact with the other parties. As a consequence of the oral motion, appellant contends the presiding judge was required to refer appellant's recusal motion to another judge. To recuse a judge, a party must comply with the procedural requirements set forth in Texas Rule of Civil Procedure 18a. *See McElwee v. McElwee*, 911 S.W.2d 182, 185–86 (Tex. App.—Houston [14th Dist.] 1995, writ denied). Under that rule, at least ten days before the date set for trial, the party must file a verified motion, and state with particularity the grounds why the judge before whom the case is pending should not sit. TEX. R. CIV. P. 18a(a). Unless a written motion is filed, the rules obligating a trial court to refer the motion do not apply. *Barron v. State of Tex., Atty. Gen.*, 108 S.W.3d 379, 382–83 (Tex. App.—

---

App.—Dallas 2004, pet. denied). In his brief, appellant argues that the basis for the recusal was that the trial judge had ex parte meetings with other parties to which he was not invited.

Tyler 2003, no pet.); *see Anders v. State*, No. 04-10-00579-CR, 2011 WL 1303730, at *1 (Tex. App.—San Antonio 2011, no pet.) (mem. op., not designated for publication) (holding that failure to comply with Rule 18a requirements results in waiver). We note that the record contains no written motion or any record of the precise basis for the recusal. Based on this record, the trial court did not abuse its discretion in finding the recusal issue to be frivolous.

## CLAIM OF INDIGENCE

Finally, we turn to appellant's argument that the trial court erred in failing to find him indigent. Appellant's argument is disingenuous given appellant's failure to even claim he was indigent and counsel's representation to the trial court at the hearing. When the Department's counsel asserted that appellant should not be regarded as indigent if he pursued an appeal, appellant's counsel informed the court that appellant had not filed an affidavit of indigence and that counsel was unaware of appellant's financial status. Specifically, counsel stated, "You know, I know he has a little business and stuff like that, but I can't say whether he's indigent or not." Because the record reflects appellant never claimed indigent status, he cannot complain the trial court refused to find him indigent.

## CONCLUSION

The trial court had jurisdiction to hear the motion for new trial and consider appellant's appellate points. The trial court did not abuse its discretion in finding appellant's appeal to be frivolous, and failing to find appellant indigent. We therefore affirm the trial court's section 263.405 order and its final order terminating appellant's parental rights to A.V.

Rebecca Simmons, Justice