

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00720-CV

Marilyn **STEWART**,
Appellant

v.

The **CITY OF SAN ANTONIO**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-09344
The Honorable Cathleen M. Stryker, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Sandee Bryan Marion, Justice

Delivered and Filed:  April 30, 2014

ORDER FINDING APPEAL FRIVOLOUS AFFIRMED

Marilyn Stewart appeals the trial court's order finding her appeal to be frivolous. Because we conclude the trial court did not err in determining the appeal is frivolous, we affirm the trial court's order.

### BACKGROUND

This appeal arises from a decision of the City of San Antonio Building Standards Board, finding that a residential property owned by Ruby Bell is a public nuisance requiring abatement by demolition. Bell filed a writ of certiorari in the district court and the City of San Antonio filed

a counter-claim requesting that the property be found to be a public nuisance and seeking an injunction ordering demolition. The City joined Stewart as a defendant after discovering that she held a lien on the property for approximately $550,000. The trial court granted the requested injunctive relief, finding the property to be a public nuisance, ordering demolition within thirty days, and ordering that "[n]othing in this judgment shall limit the City's right to bring contempt proceedings to enforce present or future violations of the above ordinances."

Proceeding *pro se*, Stewart filed an appeal and an affidavit of indigency. The City timely contested the affidavit, arguing that Stewart was not entitled to a free trial record because her appeal was frivolous. This court abated the appeal to the trial court for a hearing on the contest. At the hearing, counsel representing the Bexar County District Clerk and court reporters joined the City in contesting the affidavit. Stewart announced she was not ready because she did not have tax records to support her indigence. The trial court permitted arguments on whether the appeal was frivolous but did not address Stewart's indigent status. The trial court then entered an order finding that the appeal was frivolous because Stewart had no grounds for appeal.

## DISCUSSION

An indigent appellant is entitled to a free trial record unless the trial court finds that the appeal is frivolous. TEX. CIV. PRAC. & REM. CODE. ANN. 13.003(a)(2)(A) (West 2002). An appeal is frivolous when it "lacks an arguable basis either in law or in fact." *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.) (en banc). Additionally, an appeal may be considered frivolous when it presents no "substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE. ANN. § 13.003(b) (West 2002). We review a trial court's finding that an appeal is frivolous under Section 13.003 for an abuse of discretion. *In re A.V.*, 350 S.W.3d 317, 320 (Tex. App.—San Antonio 2011, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Id.*

Stewart argues that her appeal is not frivolous because she raises the following issues: (1) she inherited an ownership interest in the property from her father; (2) she cannot afford to pay the judgment; (3) the injunction threatens her with contempt charges if she does not comply; and (4) she was not given adequate notice that the contest hearing would concern the frivolity of her appeal.

None of these issues raises a "substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE. ANN. § 13.003(b) (West 2002). Most critically, Stewart does not challenge the trial court's finding that the property is a public nuisance. Rather, she contends the trial court erred in not considering evidence supporting her ownership interest in the property. Whether Stewart inherited an ownership interest in the property, however, does not present a substantial question for appellate review. At most, it would clearly establish Stewart's standing to challenge the trial court's judgment, an issue the City does not dispute. Stewart's argument that she cannot afford the demolition is not a legal basis for appeal, and the trial court's judgment does not assess civil penalties, court costs, or attorney's fees against her. Likewise, Stewart has not articulated a legal basis for challenging her potential liability for any future contempt charges. Lastly, the record establishes that Stewart was given ample notice that the contest hearing would concern the frivolity of the appeal, both in the City's motion to contest the affidavit and in this court's order of November 6, 2013.

## CONCLUSION

Accordingly, Stewart's appellate arguments lack an arguable basis both in law and in fact. The trial court did not abuse its discretion in finding that the appeal is frivolous and Stewart is not entitled to a free trial record for her appeal. The trial court's order is affirmed. Stewart must file, within fifteen days of the date of this opinion, evidence that she has made appropriate arrangements for payment of the clerk's record and the reporter's record for this appeal. Failure to make such a

showing shall result in the dismissal of this appeal for want of prosecution.  *See* TEX. R. APP. P. 37.3(b), 42.3(b).

PER CURIAM