

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00045-CV
_____

IN RE THE COMMITMENT OF DANIEL ALLEN METCALF

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 17C1549-005

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

The question presented in the current appeal by Daniel Allen Metcalf, preliminary to his appeal of his involuntary commitment as a "sexually violent predator," is whether Metcalf, in his subsequent appeal, will be presenting an arguable basis in law or in fact that he is not such a predator. Because we find that the evidence demonstrates such an arguable basis in fact, we determine that the indigent[1] Metcalf is entitled to a free record for that subsequent appeal.

Metcalf sought, but was denied, the preparation of the reporter's record without charge, averring that he intended to argue on appeal (1) that the trial court committed reversible error by admitting improper hearsay evidence and (2) that the evidence was legally and factually insufficient to support a finding that Metcalf is a sexually violent predator.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2).

The trial court denied Metcalf's request for a free record because, without a hearing, it found his appeal frivolous.[3] We, therefore, abated this matter to the trial court to conduct a frivolousness hearing. *See Coppedge v. United States*, 369 U.S. 438, 446–48 (1962); *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 155 (Tex. App.—San Antonio 1998, no pet.) ("[W]hile the federal Constitution does not guarantee an appellant a free record to pursue a frivolous appeal, it

---

[1]Concurrent with Metcalf's filing of his notice of appeal, he also filed a declaration of indigency in the Fifth Judicial District Court of Bowie County pursuant to Rule 145 of the Texas Rules of Civil Procedure and Rule 13.003(a)(1) of the Texas Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 145; TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(1). His indigent status is not challenged before us.

[2]Metcalf claims that the reporter's record is indispensable given his legal and factual sufficiency arguments. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(B).

[3]The trial court ordered the Office of State Counsel for Offenders to pay the court reporter's reasonable fees.

does require that she receive a sufficient record, without charge, to establish the trial court erred in finding that her appeal is frivolous."). Following a hearing on the issue of whether Metcalf's appeal is frivolous, the trial court determined that the appeal does not present a substantial question for appellate review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b).[4] It thus denied Metcalf a free record. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a).

A free appellate record is provided only if the trial court finds that "the appeal is not frivolous" and "the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(A), (B). An appeal "is frivolous when it 'lacks an arguable basis either in law or in fact.'" *In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.) (quoting *De La Vega*, 974 S.W.2d at 154). "In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b). We review for an abuse of discretion a trial court's determination of whether an appeal is frivolous. *In re A.V.*, 350 S.W.3d 317, 320 (Tex. App.—San Antonio 2011, no pet.).

Metcalf's trial counsel testified at the hearing that she believed the evidence was factually insufficient to support the verdict.[5] Counsel explained that Metcalf scored 5 on the Static-99R, which has a range between -3 and 12, and that he scored a 19 on the Psychopathy Checklist-Revised (PCL-R), which has a range between 0 and 40. Counsel reported that a second expert,

---

[4]The trial court further found Metcalf indigent.

[5]Although Metcalf seeks to advance three appellate issues, we examine only one for purposes of determining whether Metcalf is entitled to a free appellate record.

3

Dr. Turner, testified that Metcalf did not suffer from a psychopathic personality. Counsel reported that the legislative findings within Chapter 841 of the Texas Health and Safety Code state that the law is aimed at a small but extremely dangerous group of sexually violent predators who suffer from a behavioral abnormality, rather than ordinary criminal recidivists. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.001. Counsel further testified that the only testing mentioned in the statute is testing for psychopathy. According to counsel, Metcalf committed his first offense at the age of seventeen in 1994 and committed his second sexually violent offense in approximately 2010. The second conviction, according to counsel, was based on accomplice liability in connection with Metcalf's wife's sexual conduct with a thirteen-year-old boy.

Based on this evidence and argument, counsel relies on *In re Commitment of Stoddard*, No. 02-17-00364-CV, 2019 WL 2292981 (Tex. App.—Fort Worth May 30, 2019, no pet.) (mem. op.). In that case, our sister court reversed the trial court's judgment because it found that the evidence was factually insufficient to support the jury's finding that Stoddard was a sexually violent predator. *Id*. at *1. Stoddard scored a 27 on the PCL-R and a 4 on the Static-99R. *Id*. at *8. According to our sister court, "Chapter 841 requires that [a sexual predator] suffer from a behavioral abnormality that renders him a member of the small group of extremely dangerous sex offenders that require civil commitment because they are likely to engage in future predatory acts of sexual violence." *Id*. at *11. Moreover, "to interpret the statute without regard to Section 841.001 . . . risks ripping Chapter 841 from its constitutional foundation, thus opening the door to civil commitments of sex offenders based solely on their predicate sex offenses." *Id*. at *12.

An appeal is frivolous if it lacks an arguable basis either in law or in fact. *De La Vega*, 974 S.W.2d at 154. Here, the reasoning expressed in *Stoddard* provides an arguable basis in law for Metcalf's appellate point. Metcalf's test scores, which are similar to those in *Stoddard*, likewise present an arguable basis in fact for his appellate point. Because Metcalf's appeal is not frivolous and a statement of facts and the clerk's transcript are needed to decide the issues presented by the appeal, Metcalf is entitled to a free record.

We reverse the order of the trial court and remand this matter with instructions to ensure that Metcalf receives a free record for purposes of his appeal in cause number 06-19-00043-CV.


Josh R. Morriss, III
Chief Justice

Date Submitted: July 9, 2019
Date Decided: July 24, 2019

5