# NO. 12-23-00229-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AUTHOR JAMES MANNING JR.,* *APPELLANT* | § | *APPEAL FROM THE COUNTY* |
| *V.* | § | *COURT AT LAW NO. 2* |
| *LONGVIEW SOCIAL SECURITY OFFICE,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

On August 30, 2023, Author James Manning, Jr. filed a pro se petition for permissive appeal. That same day, the Clerk of this Court notified Manning that the petition failed to comply with Texas Rule of Appellate Procedure 28.3 and gave Manning until September 11 to amend and re-file the petition.[1] *See* TEX. R. APP. P. 28.3 (permissive appeals in civil cases). Manning filed an amended petition on September 11, which still failed to comply with Rule 28.3. On September 13, the Clerk of this Court notified Manning that if a compliant, amended petition was not filed on or before September 25, the case would be submitted to the Court for dismissal. Manning filed no further amended petitions.

"*When a trial court has permitted an appeal from an interlocutory order* that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal." TEX. R. APP. P. 28.3(a) (emphasis added). A petition for permissive appeal must:

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

(1) contain the information required by Rule 25.1(d) to be included in a notice of appeal;

(2) attach a copy of the order from which appeal is sought;

(3) contain a table of contents, index of authorities, issues presented, and a statement of facts; and

(4) *argue clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation.*

TEX. R. APP. P. 28.3(e) (emphasis added).

Here, there is no indication that the trial court granted Manning permission to appeal from an otherwise unappealable interlocutory order. Nor does Manning clearly and concisely argue why any order from which he seeks to appeal involves a controlling question of law or how an immediate appeal from any such order would materially advance the ultimate termination of the litigation.[2] Because Appellant fails to provide a petition in accordance with the applicable appellate rule, the petition for permissive appeal is **denied**.[3] *See* ***Waterford Lago Vista, LLC v. Waterford Dev. Partners, L.P.***, No. 03-22-00393-CV, 2022 WL 16530875, at \*1 (Tex. App.—Austin Oct. 28, 2022, no pet.) (mem. op.) (denying petition for permissive appeal that failed to establish each requirement of Rule 28.3); *see also* ***Duke Inc., General Contractors v. Fuentes***, No. 14-22-00334-CV, 2022 WL 3452910, at \*1 (Tex. App.—Houston [14th Dist.] Aug. 18, 2022, no pet.) (per curiam) (mem. op.) (same); ***Phillips v. Tex. Dep't of Ins. Div. of Workers' Comp.***, No. 05-22-00610-CV, 2022 WL 2582565, at \*1 (Tex. App.—Dallas July 8,

---

[2] The Gregg County online records reflect that a judgment was entered on July 3, 2023. Manning did not provide this Court with a file marked copy of said judgment. To the extent this proceeding could be construed as a regular appeal, Manning's petition for permissive appeal was not filed until August 30. Manning's docketing statement reflects that he did not file a motion for new trial but filed a motion to modify the judgment on August 30; thus, the motion was untimely. *See* TEX. R. CIV. P. 329b (time for filing motions). Accordingly, Manning's petition for permissive appeal was filed after the time for filing a notice of appeal or seeking an extension of time to file a notice of appeal. *See* TEX. R. APP. P. 26.1, 26.3.

[3] Manning has filed several appeals that have been denied or dismissed. *See* ***Manning v. The State of Texas and In the Interest of S.M.****,* No. 12-23-00203-CV, 2023 WL 5978202 (Tex. App.—Tyler Sept. 13, 2023, no pet.) (per curiam) (mem. op.); ***Manning v. Viacom CBS, Inc.***, No. 12-23-00113-CV, 2023 WL 4308652 (Tex. App.—Tyler June 30, 2023, no pet.) (per curiam) (mem. op.); *see also* ***Interest of A.S.M.***, No. 12-22-00257-CV, 2022 WL 16558446 (Tex. App.—Tyler Oct. 31, 2022, no pet.) (per curiam) (mem. op.); ***Manning v. Longview Social Security Office***, No. 12-21-00241-CV, 2022 WL 243195 (Tex. App.—Tyler Jan. 26, 2022, pet. denied) (per curiam) (mem. op.); ***Interest of A.S.M.***, No. 12-21-00005-CV, 2021 WL 761730 (Tex. App.—Tyler Feb. 26, 2021, no pet.) (per curiam) (mem. op.). An appeal is frivolous when it lacks any arguable basis in law or fact. ***In re Commitment of Metcalf***, 579 S.W.3d 828, 829 (Tex. App.—Texarkana 2019, no pet.). This Court has the authority to sanction a party for filing a frivolous appeal but declines to do so at this time. *See* TEX. R. APP. P. 45 ("If the court of appeals determines that an appeal is frivolous, it may--on motion of any party or on its own initiative, after notice and a reasonable opportunity for response--award each prevailing party just damages"); *see also* ***Hernandez v. Hernandez***, 596 S.W.3d 403, 409 (Tex. App.—El Paso 2020, no pet.) (when determining whether to assess damages under Rule 45, appellate court looks at record from viewpoint of pro se appellant and determines whether he had reasonable grounds to believe judgment should be reversed).

2022, no pet.) (mem. op.) (denying permissive appeal for failure to comply with Rule 28.3).  All pending motions are ***overruled as moot***.

Opinion delivered September 29, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00229-CV**

**AUTHOR JAMES MANNING JR.,**
Appellant
V.
**LONGVIEW SOCIAL SECURITY OFFICE,**
Appellee

Appeal from the County Court at Law No. 2

of Gregg County, Texas (Tr.Ct.No. 2022-1091-CCL2)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the petition for permissive appeal be denied.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the petition for permissive appeal be **denied**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*